**R.L. MANNING COMPANY,**
Appellant (Employer),

v.

**William Glenn C. MILLSAP,**
Appellee (Employee).

No. 83–214.

Supreme Court of Wyoming.

Sept. 18, 1984.

Thomas F. Reese of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellant.

William R. Fix, Jackson, for appellee.

Before ROONEY, C.J., THOMAS, ROSE and CARDINE, JJ., and GUTHRIE, J., Retired.*

THOMAS, Justice.

The only question to be dealt with in this case is that of the jurisdiction of the district court in a worker's compensation case. The case is unusual, if not unique, in that an ex-employee received an additional award for a job-related injury because the clerk of the district court became weary of entertaining complaints from the ex-employee about the inadequacy of his compensation for the injury. The Worker's Compensation Act contemplates neither such a result nor the procedure by which it occurred. We hold that the district court which entered the award did not have jurisdiction to do so, nor did the court which transferred the case to the acting court have jurisdiction to proceed. The award is reversed with directions that it be returned to the forwarding court and the proceeding dismissed.

The employer presents a series of issues in its brief. While other issues present interesting questions, this court will deal only with the first issue, which is stated in the employer's brief to be:

"A. Did the District Court act without jurisdiction in this case since the Appellee/Employee has failed to move to modify or reopen consideration of the District Court's Order of March 19, 1979?"

The employee does not meet the jurisdictional question, but instead characterizes it as an untimely attempt to invoke the statute of limitations:

"A. Is the issue as to whether the statute of limitations has run properly before this Court since this issue has been raised for the first time on appeal?"

Further the appellee questions the viability of this appeal:

"Is the District Court's Order of June 27, 1983, properly before this Court since the Appellant has failed to comply with the jurisdictional requirements of the Wyoming Rules of Appellate Procedure?"

William Glenn Millsap was injured on August 5, 1977, when he was struck on the top of his head by pipe tongs on an oil well drilling rig in Uinta County, Wyoming. A worker's compensation proceeding was initiated, and the fact of injury in his employment was not contested by R.L. Manning Company. This proceeding culminated in an order entered on March 20, 1979, in Uinta County, pursuant to which Millsap was awarded $4,500, representing a fifteen percent permanent partial disability. The order recognized the potential for future surgery relating to the injury to the cervical spine, and provided:

"The court retains jurisdiction over any further temporary total award."

After that Millsap continued to receive medical treatment from several sources. Medical expenses were paid, and beginning in 1983 Millsap filed claims for loss of wages, asserting temporary total disability, which he made retroactive to 1981. The record indicates that at that juncture Mill-

---

* BROWN, J., having recused himself, GUTHRIE, J., Retired, was assigned pursuant to order of the court entered January 2, 1979.

sap began to complain of problems with the lumbar spine.

The proceeding which culminated in this appeal was initiated by a Petition for Hearing filed by the Clerk of the District Court for Uinta County on March 9, 1983. The Petition for Hearing apparently was filed in response to practically continual contacts by Millsap with the office of the clerk of court, which apparently exhausted the patience of the clerk, and which were perceived by the clerk as harassment. The petition reports claims of prejudice on the part of the district judge and the clerk of court, and reports Millsap's allegation that he could not obtain justice in Uinta County. He orally had asked that the case be transferred someplace else. No pleading ever was filed by Millsap. The district judge, on the same day, ordered the matter for hearing on March 24, 1983.

After the hearing the district court in Uinta County entered an Order of Transfer purporting to transfer the case to Teton County, and providing specifically that the case was assigned and transferred to the District Court of the Ninth Judicial District, Teton County, Wyoming, the Honorable Robert B. Ranck, presiding. The same order provided that the Clerk of the District Court in Teton County was authorized and directed to take charge of the records and files in the matter and to perform all functions required of the clerk of court under the Wyoming Worker's Compensation Act. It is interesting to note that Millsap was enjoined from in any manner contacting the Clerk of the District Court of the Third Judicial District, Uinta County Wyoming, or any members of the staff. Thereafter the court in Teton County proceeded to deal with the matter; ultimately entered an award for additional temporary total disability; approved further medical and therapeutic treatment; and provided for application by Millsap for future temporary total disability. This order, which was entered on June 27, 1983, apparently was entered summarily without the participation of the employer because of the refusal or failure of the employer to comply with requirements of the clerk of court in Teton

County based upon what appears to be a locally adopted procedure. The employer then filed a formal Protest and Request for Hearing, and a few days later filed a Request for Transfer of the case to Natrona County. When the Request for Hearing and the Request for Transfer were denied the employer appealed to this court.

 It is manifest from the record that no appropriate proceeding ever was initiated in the District Court of the Third Judicial District in Uinta County in this case. There is no provision in the Worker's Compensation Act which justifies the appearance of the clerk of the district court as a party requesting a hearing. The applicable statute is § 27–12–606, W.S.1977, which provides a procedure for reopening and modification of a worker's compensation award. The pertinent language from that statute is:

" * * * an application may be made to the clerk of district court by any party within four (4) years from the date of the last award * * *." *Conn v. Ed Wederski Construction Company*, Wyo., 668 P.2d 649 (1983).

The problem in the Conn case was the inadequacy of the allegations and proof on the part of the injured employee. This case is even further removed from the reach of the corrective statute because in this instance no pleading has been filed which would invoke the jurisdiction of the court to reconsider the disability award to Millsap. Obviously we must disapprove the erroneous method of initiating this case which the District Court for Uinta County accepted.

 Even the policy of liberal construction with respect to statutes providing for worker's compensation in light of their beneficent purpose (*Conn v. Ed Wederski Construction Company*, supra, and cases therein cited) does not justify the procedure approved by the district court in this instance. As we have held, clear statutory provisions cannot be ignored under the guise of liberal construction in order to extend the beneficent purpose of the law

to injuries which do not reasonably fall within the ambit of the language of the statute. *Conn v. Ed Wederski Construction Company,* supra; *Matter of Van Matre,* Wyo., 657 P.2d 815 (1983); *Alco of Wyoming v. Baker,* Wyo., 651 P.2d 266 (1982); and *Mor, Inc. v. Haverlock,* Wyo., 566 P.2d 219 (1977). It would be even more anomalous to ignore statutory provisions relating to the proper procedure set forth in a statute which is in derogation of the common law in order to justify the free-wheeling approach invoked in this instance.

 We hold that there was no proper pleading presented in this case which would invoke the jurisdiction of the district court in Uinta County. The District Court of Uinta County had no jurisdiction, because of the absence of any pleading sufficient to invoke the power of the court, to adjudicate the matter. See *Dee v. Laramie County,* Wyo., 666 P.2d 957 (1983), and *Board of Trustees of University of Wyoming v. Bell,* Wyo., 662 P.2d 410 (1983). We cannot avoid mentioning some other defects in this case because they manifest repetition of procedures which the court previously has disapproved. The procedure which the Clerk of the District Court of Teton County insisted be followed, apparently in vogue locally, is very similar to the procedure this court disapproved in *Herring v. Welltech, Inc.,* Wyo., 660 P.2d 361 (1983). In regard to the propriety of this appeal, as the employee has attacked it in his brief, we note that the employer's Petition to Reopen is subject to treatment as a motion brought pursuant to Rule 60(b), W.R.C.P., and the requisite abuse of discretion must be found in the failure of the District Court of Teton County to recognize that it had no jurisdiction to proceed in this instance. In addition to the lack of jurisdiction in Uinta County, there is a total absence of any provision in the Worker's Compensation Act or the Wyoming Rules of Civil Procedure permitting the transfer of the case in the manner in which it was ordered in this instance. Section 27–12–601(b), W.S.1977, provides for the transfer of the case to the district court of the county in which the employer's main office

in Wyoming is located, or for transfer to the district court of the county in which the employee resides. We perceive those provisions as being exclusive with respect to transfer, and nothing is said about transferring a worker's compensation case to any county which the court may choose, simply to avoid harassment of the court staff.

The case is reversed and remanded to the District Court of the Ninth Judicial District of the State of Wyoming in and for Teton County, with instruction to return the case and file to the District Court of the Third Judicial District of the State of Wyoming in and for Uinta County. The latter court shall dismiss the proceeding initiated upon the application of the Clerk of the District Court.