735 P.2d 1367 (1987)
Ray PARNELL, Appellant (Employee-Claimant),
v.
The STATE of Wyoming, ex rel. Wyoming WORKER'S COMPENSATION DIVISION, Appellee (Objector-Defendant),
Getter Trucking, Inc. (Employer-Defendant).
No. 86-41.
Supreme Court of Wyoming.
April 21, 1987.
Donald L. Painter, Casper, for appellant.
A.G. McClintock, Atty. Gen., Josephine T. Porter, and Patrick J. Crank (argued), Asst. Attys. Gen., for appellee.
Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.
CARDINE, Justice.
The principal issue in this worker's compensation case is whether an employee who receives a lump sum permanent partial disability award and subsequently sustains an increase of incapacity due to the original injury is precluded from receiving temporary total disability benefits unless his permanent partial disability has increased. Another issue, raised by the State, is whether the district court's denial of appellant's temporary total disability claim should be upheld because the record contains insufficient evidence of appellant's increase of incapacity.
We reverse.

FACTS
After his legs were crushed between the beds of two large oil field trucks, appellant Ray Parnell sought compensation under the Wyoming Worker's Compensation Act. He received temporary total disability and medical expenses for the initial period of recovery from his injuries. When appellant's condition had stabilized to a point at which a permanent partial disability rating could be made, his physician assigned a rating of 20 percent permanent impairment to appellant's left leg and 35 percent impairment to appellant's right leg. In his letter assigning these ratings, the physician noted that appellant needed further surgery for removal of rods that had been placed in his left leg and that the additional *1368 surgery would result in a period of temporary total disability. On June 20, 1985, appellant received a lump sum permanent partial disability award in the amount of $26,268.39 for the permanent impairment to his legs and resulting psychological trauma.
The rods in appellant's left leg were surgically removed on September 10, 1985. On October 23, 1985, he filed a claim for temporary total disability benefits for the period of recovery following the surgery. The district court denied the temporary total disability award, concluding that under this court's holding in Matter of Abas, Wyo., 701 P.2d 1153 (1985), the award could be made only if the claimant showed an increase in permanent partial disability. Mr. Parnell now appeals from the district court's order denying temporary total disability benefits.

INCREASE OF INCAPACITY
The Wyoming Worker's Compensation Act contemplates three types of disability: temporary total disability, permanent partial disability, and permanent total disability. Section 27-12-402, W.S. 1977, Cum.Supp. 1986; §§ 27-12-403 and 27-12-405, W.S. 1977. In the usual case, temporary total disability will be awarded for a single initial period of recovery and stabilization. See Pacific Power and Light v. Parsons, Wyo., 692 P.2d 226, 228 (1984). Once stabilization occurs, the extent of permanent disability, whether partial or total, should be determined and the employee should receive an appropriate award. Such an award is "subject to the concept of finality." Conn v. Ed Wederski Construction Company, Wyo., 668 P.2d 649, 653 (1983).
Ideally, an injured employee will not return to a condition of temporary total disability after receiving a permanent partial disability award. But some cases, like the present case, do not follow the ideal pattern. Realizing this, the legislature enacted § 27-12-606, W.S. 1977, which allows an employee to apply for "additional benefits of any type or nature" on the ground of increase of incapacity:
"Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27-12-101 through XX-XX-XXX], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."
The Act does not define the term "increase of incapacity." We think it is clear, however, that when an employee's condition changes from permanent partial disability to temporary total disability, his incapacity is increased. To the extent that Matter of Abas, supra, 701 P.2d 1153, supports a different conclusion, it is hereby overruled.
The State concedes that if the rods had been removed from Mr. Parnell's leg before he received his permanent partial disability award, he would have been entitled to temporary total disability benefits for the period of his recovery following the surgery. In Fuhs v. Swenson, 58 Wyo. 293, 131 P.2d 333, 338 (1942), we held that
"`the [Worker's] Compensation Law of this State should be liberally and reasonably construed to protect persons suffering casualties in industry and to avoid incongruous results.'" (Quoting In re Pope, 54 Wyo. 266, 91 P.2d 58 (1939).)
If we were to affirm the district court's ruling, we would be reaching the incongruous result of allowing different amounts of compensation to similarly situated employees based on the nature and timing of their treatment and recovery. Mr. Parnell should not be penalized because his case did not follow the ideal pattern described above. When he became temporarily and totally disabled after the rod removal surgery, Mr. Parnell sustained an increase of incapacity and was, therefore, entitled to additional benefits under § 27-12-606, supra, regardless of whether his permanent partial disability had increased.
*1369 Our decision in this case does not mean that an employee may be totally disabled and partially disabled at the same time. Such a result would ignore the principle, implied in the Worker's Compensation Act, that total disability is the maximum disability possible under the Act. If an employee is receiving monthly permanent partial disability payments, which is the usual case, and then receives a temporary total disability award, the permanent partial disability payments should be suspended during the period of temporary total disability and resumed when the period of temporary total disability has ended. An employee who has received a lump sum award should be treated similarly, i.e., his permanent partial disability should be deemed to be suspended during the period of temporary total disability.

SUFFICIENCY OF THE EVIDENCE
The State contends that even if Mr. Parnell were entitled to a subsequent temporary total disability award under § 27-12-606, supra, his claim should be denied because he failed to prove that he was totally and temporarily disabled after his surgery. In resisting this argument, appellant urges that the claim is supported by appellant's testimony that he was unable to work for eight weeks and by a letter from his physician stating:
"The most recent surgical procedure performed on Mr. Parnell was removal of a metal rod from his left femur. This operation was performed September 10, 1985. The operation went quite well, and the rod was removed without difficulty. Mr. Parnell was informed, prior to the operation, that he would need to be on crutches for six weeks following the operation because the rod removal temporarily weakens the femur for a period of about six weeks. As a result of this need for crutch use, it is most appropriate that Mr. Parnell be placed on total temporary disability for the six weeks [sic] period of time during which he needed to use crutches for his left leg. As a result of removing the rod, there is no additional permanent disability."
The hearing below was not reported, and this appeal was submitted on a statement of the evidence pursuant to Rule 4.03, W.R.A.P. Consequently, we can only consider appellant's statement of the evidence to the extent that it was settled and approved by the district court. Feaster v. Feaster, Wyo., 721 P.2d 1095, 1097 (1986); Maynard v. Maynard, Wyo., 585 P.2d 1201, 1202 (1978). In this case, the district court expressly found that it had no recollection of appellant's assertion that he "was unable to work or be gainfully employed or gainfully self-employed" during his period of recovery from the rod removal surgery. Accordingly, we must disregard appellant's reference to his testimony on that issue. Maynard v. Maynard, supra.
We find, however, that the letter from Mr. Parnell's physician provides sufficient evidence to support appellant's claim of temporary total disability. In his treatise on workmen's compensation law, Professor Larson states:
"In meeting the burden of proof, one of the strongest kinds of evidence is of course the testimony of a doctor who has examined claimant and evaluated his disability at both relevant times in the comparison." (Footnotes omitted.) 3 Larson, Workmen's Compensation Law § 81-33(c) (1983).
Appellant's claim for total temporary disability for a period of six weeks is supported by the evidence.
Reversed and remanded for proceedings consistent with this opinion.
BROWN, C.J., filed a dissenting opinion.
BROWN, Chief Justice, dissenting.
In its opinion the majority says "our decision in this case does not mean that an employee may be totally disabled and partially disabled at the same time." However, despite this disclaimer, the majority authorizes payment of benefits for both permanent partial disability and temporary total disability for exactly the same period of time.
*1370 On June 24, 1985, appellant received a permanent partial award. This award was calculated at $905.94 for 29 months for a total of $26,268.39. Rather than receive the monthly payments as contemplated by the statute, appellant importuned the court and worker's compensation division to make a lump sum payment  which they did. Thereafter, appellant had surgery on September 10, 1985, and claims temporary total disability benefits for eight weeks beginning September 10. This court's decision authorizes these temporary total disability payments in the sum of about $1,350 per month for two months.[1]
Therefore, appellant received payments at the rate of $905.94 per month from September 10, 1985 to November 5, 1985, as part of his permanent partial award, and now additionally, under this court's decision, he will also receive about $1,350 per month from September 10, 1985 to November 5, 1985, for temporary total disability. It seems only fair that $905.94 (which has already been received) be deducted from the $1,350 per month temporary total award. Appellant should be allowed $445 per month temporary total benefit from September 10, 1985 until November 5, 1985.
Further, while we are not talking about a large sum of money in this case (less than $3,000), I foresee the majority opinion resulting in expensive consequences. This fact may be illustrated by a simply hypothetical example. Suppose a worker received an award of 95 percent permanent partial disability. Under these circumstances the worker would be entitled to about $1,000 per month for sixty months. Further, suppose a year later after this award the worker became totally disabled for six months because of corrective surgery or otherwise. In these fortuitous circumstances by virtue of the decision in this case, the worker would also be entitled to an award for temporary total disability in the sum of about $1,300 per month. For a six-month period then the worker would get two checks  $1,000 for partial total disability and $1,300 for temporary total disability. Such would result in a $6,000 windfall. Furthermore, other workers will no doubt hear about this anomaly in the law and use it to their fullest advantage.
A worker cannot be totally and partially disabled at the same time. Consequently, he may not collect benefits for each concurrently. Therefore, I must dissent.
NOTES
[1] I estimate $1,350 per month because that is what he received from February 1, 1984 to July 1, 1985, before permanent partial award.