Edward HARRIS, Appellant
(Employee-Claimant),

v.

The STATE of Wyoming, ex rel. WYO-
MING WORKERS' COMPENSATION
DIVISION, Appellee (Objector-Defend-
ant),

v.

GETTY OIL COMPANY,
(Employer-Defendant).

No. 87–6.

Supreme Court of Wyoming.

May 1, 1987.

David A. Drell, Casper, for appellant.

Joseph B. Meyer, Atty. Gen., Josephine T. Porter, Asst. Atty. Gen., and Susan Maher Overeem, Asst. Atty. Gen., for appellee State of Wyo.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Justice.

In this appeal, we are asked to decide whether an employee covered by our worker's compensation scheme is entitled to an award of temporary total disability benefits following surgery even though his permanent partial disability rating did not increase as a result of the surgery. The district court held that, absent an increase in the permanent partial disability, appellant was not entitled to additional temporary total benefits under § 27–12–606, W.S. 1977. We reverse.

Edward Harris broke his wrist in the scope of his employment for Getty Oil Company in 1980. The expense of all his treatment has been paid in the usual course under our Wyoming Worker's Compensation Act. Mr. Harris also received temporary total disability payments immediately after the accident and during periods when surgery was necessary: a bone graft in 1981 and a scaphoid implant in 1982. On October 11, 1982, Harris received a permanent partial disability rating of 15% to the

left hand, but his doctor noted that a wrist fusion might be necessary in the future. In April of 1983, Mr. Harris had additional surgery to remove a bone fragment which was irritating a nerve near the implant. In addition to receiving medical expenses, Mr. Harris also received temporary total disability benefits. In 1985, Mr. Harris developed a cyst in response to chronic synovial irritation caused by the implant and his doctor removed the implant. Again medical expenses were paid, but the clerk of court denied the application for temporary total benefits for November 11, 1985—February 10, 1986. Subsequently, Mr. Harris was released to return to work, his physician indicating that the permanent partial disability rating had not increased. After a hearing, at which the parties stipulated that the attending physician certified Harris to be 100% temporarily totally disabled from November 11, 1985 to February 10, 1986, the district court denied benefits.

Before this court, appellant raises two issues:

"I. THE DISTRICT COURT ACTED WITHOUT JURISDICTION IN THIS MATTER DUE TO THE FACT THAT THE OBJECTION TO BENEFITS WAS MADE BY THE CLERK OF THE DISTRICT COURT RATHER THAN THE EMPLOYER OR THE WORKER'S COMPENSATION DIVISION.

"II. THE DISTRICT COURT ERRED IN HOLDING THAT APPELLANT WAS NOT ENTITLED TO RECEIVE BENEFITS SUBSEQUENT TO RECEIVING AN AWARD FOR PERMANENT PARTIAL DISABILITY UNLESS HE CAN SHOW AN INCREASE IN HIS PERMANENT PARTIAL DISABILITY."

■ We have no quibble with the proposition that the district court has no jurisdiction over a worker's compensation case when no proper pleading is filed. *R.L. Manning Co. v. Millsap*, Wyo., 687 P.2d 252, 255 (1984). In that case, it was the clerk of court who filed a petition for hearing without statutory authority. Id., 687 P.2d at 254. The clerk of court does, however, have statutory authority to deny a claim for benefits. Section 27–12–601(a), W.S.1977. In the case at bar, that is precisely what the clerk of court did, indicating that the denial was based on a statement from the district court's order which was affirmed in *Matter of Abas*, Wyo., 701 P.2d 1153, 1155 (1985): " 'That an award of permanent partial disability prevents the employee claimant from receiving further temporary total disability benefits' unless there is an increase in permanent disability." Thereafter, it was appellant's attorney who requested a hearing. In any event, this court already has said that the district court may order a hearing in an uncontested case. *Matter of Injury to Loveday*, Wyo., 711 P.2d 396, 399 (1985). The district court did not act without jurisdiction.

■ This court recently held that a worker who has received a lump sum permanent partial disability award is entitled to temporary total disability benefits under § 27–12–606, W.S.1977, regardless of whether the permanent partial disability has increased. *Parnell v. State ex rel. Worker's Compensation Division*, Wyo., 735 P.2d 1367 (1987). In the case at bar, the parties stipulated only that "Dr. Antony Nastasi has certified that in his opinion the Claimant, Edward Harris, was one hundred percent temporarily totally disabled for the period beginning November 11, 1985 through February 10, 1986" and that "[t]he testimony of the Claimant, Edward Harris, [would be] that * * * he was unable to perform any type of work as a result of the surgery * * * from the period of November 1, 1985 through February 10, 1986." They did not stipulate that Mr. Harris was totally disabled during this period nor did the district court make any finding of fact on the question of temporary total disability. The case must be remanded to the trial court so that the factual question can be resolved.

Reversed and remanded for further proceedings.

BROWN, C.J., files a specially concurring opinion.

BROWN, Chief Justice, specially concurring.

I agree with the result in this case, unless appellant is receiving or has received permanent partial benefits for the same period of time he now claims temporary total benefits.