Larry J. DELOGES, Appellant (Employee–Petitioner),

v.

STATE of Wyoming ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector–Respondent),

Delta Engineering, (Employer–Respondent).

No. 87–255.

Supreme Court of Wyoming.

March 9, 1988.

Sharon M. Rose of Vehar, Beppler, Jacobson, Lavery & Rose, P.C., Kemmerer, for appellant.

Joseph B. Meyer, Atty. Gen., Josephine T. Porter, Sr. Asst. Atty. Gen., and Susan Maher Overeem, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal from an order denying appellant Larry J. Deloges' application under the Wyoming Worker's Compensation Act for additional benefits or modification of award subsequent to an award of permanent total disability benefits. The dispositive issue presented is whether, under the act, a permanent total disability award may be modified to provide additional benefits.

We affirm.

Appellant sustained a work-related back injury on February 12, 1982. After two surgical procedures, the initial diagnosis of a herniated disc was elevated to a disc space infection. On May 23, 1985, appellant's attending physician assigned him a rating of 100% permanent total disability, finding that appellant was in daily pain, could walk only with hand crutches, and had developed a neurogenic bladder.

On October 21, 1985, appellant was awarded 100% permanent total disability benefits of $71,219.84, payable by a lump sum payment of $25,000 with the remaining $46,219.84 to be paid in 25 monthly installments of $1,801.19 and a final payment of $1,190.09. If appellant had not received the $25,000 lump sum payment, he would have received monthly payments of $1,801.19 through January 31, 1989. However, in accordance with the pay-out schedule, the benefit payments terminated November 30, 1987.

Since the initial award of permanent total disability, appellant's physical condition has deteriorated. Testimony in the record reveals that he has totally lost the use of his legs, which has confined him to a wheelchair, and additionally that he is beginning to "lose control" in the upper part of his body, including arm movement. Unfortunately, a letter to appellant from the deputy clerk of the district court mistakenly led appellant to believe that, upon completion of the payments as scheduled, he would be immediately eligible for additional benefits, despite the up-front lump sum payment.

Appellant, upon learning that he would not be immediately eligible for additional benefits upon payout of the initial award, filed a motion for additional benefits on June 16, 1987. As grounds for the motion, appellant asserted continued impairment of his earning capacity pursuant to § 27–12–405(d), W.S.1977.[1] Thereafter, ap-

---

1. Chapter 12 of Title 27 (worker's compensation —§§ 27–12–101 through 27–12–805, W.S.1977) was repealed in 1986 and recreated as our present Chapter 14 (§§ 27–14–101 through 27–14–804, W.S.1977), effective July 1, 1987. This case arose under the prior statutory scheme.

pellant filed an amended motion for additional benefits or modification of award asserting a change in condition and an increase in incapacity pursuant to §§ 27–12–405(b) and 27–12–606, W.S.1977.

Appellee objected to the application for additional benefits, maintaining that the only provision for additional benefits to a permanently totally disabled claimant was § 27–12–405(d) and that, under the time limitation imposed by that section, appellant would not be eligible for further benefits until the initial award would have been paid out, if paid at the monthly rate fixed by law; i.e., January 31, 1989. The district court agreed and entered an order denying additional benefits.

Appellant's primary contention on appeal is that the Wyoming Worker's Compensation Act, as it existed in relation to his claim, authorized benefits to a permanently totally disabled worker over and above both the initial award provided in § 27–12–405(b) and the provision for additional benefits for continuing impairment of earning power found in § 27–12–405(d). Appellant urges us to find authority for additional benefits or an increase in the initial award on the basis of the language in § 27–12–405(b) that "[t]he court may modify the amount of award to conform to any change in the condition of the employee" and also on the basis of § 27–12–606, the general reopening or modification statute in the act. We are unable to agree with appellant's interpretation of these statutes.

Resolution of this issue requires that we apply our general rules of statutory construction and also apply certain specific rules of construction which have evolved in relation to the Wyoming Worker's Compensation Act. We have consistently held that worker's compensation law should be liberally construed if rationally possible so that industry rather than the injured worker will bear the burden of industrial injuries. *City of Buffalo v. Van Buskirk*, Wyo., 741 P.2d 120 (1987). However, un-

der the guise of liberal construction, we cannot extend the beneficent purpose of compensation law to injuries which do not reasonably fall within the language of the statute. *Conn v. Ed Wederski Construction Company*, Wyo., 668 P.2d 649 (1983).

Our general rules of statutory construction are well settled. If the language of a statute is clear and unambiguous, we must abide by the plain meaning of the statute, *Adobe Oil & Gas Corporation v. Getter Trucking, Inc.*, Wyo., 676 P.2d 560 (1984), but where a statute is ambiguous, the court will resort to general principles of statutory construction in an attempt to ascertain legislative intent. *State v. Sodergren*, Wyo., 686 P.2d 521 (1984). Furthermore, it is a fundamental rule of statutory interpretation that all portions of an act must be read in pari materia, and every word, clause, and sentence must be construed so that no part is inoperative or superfluous. *Hamlin v. Transcon Lines*, Wyo., 701 P.2d 1139 (1985). Additionally, we have held that this Court must assume that the legislature did not intend futile things, id., and that statutes should not be interpreted in a manner producing absurd results. *State v. Sodergren*, supra.

With these rules of construction in mind, we look to the statutes involved in this case. The relevant provisions of § 27–12–405 were as follows:

"(a) Permanent total disability means the loss of both legs or both arms, total loss of eyesight, paralysis or other conditions permanently incapacitating the employee from performing any work at any gainful occupation for which he is reasonably suited by experience or training.

"(b) If permanent total disability results from the injury, the employee shall receive for two hundred fifty-seven (257) weeks, an award equal to two-thirds (⅔) of the state's average weekly wage at the time of the injury, less any previous awards for permanent partial disability, payable in monthly installments at the rate of the state's average weekly wage

Claims under the Wyoming Worker's Compensation Act are governed by laws in effect at the time of injury. *Shapiro v. State ex rel. Worker's*

*Compensation Division*, Wyo., 703 P.2d 1079 (1985).

rate as determined quarterly. The court may modify the amount of award to conform to any change in the condition of the employee, or in cases of exceptional necessity the court may order payment of any portion of the award in a lump sum at any time before the award is fully paid. If the employee dies leaving an unpaid balance of the award and no further award is made on account of the death, the unpaid balance shall be paid or held as provided by W.S. 27-12-404.

\* \* \* \* \* \*

"(d) Upon the expiration of the period of time in which the amount awarded to the employee for permanent total disability would be paid in its entirety at the monthly rates fixed by law, the district court may award additional compensation to the injured employee for any continuing impairment of his earning power resulting from the original injury \* \* \*."

Section 27-12-606 provided:

"Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27-12-101 through 27-12-804], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."

 Our reading of these statutes convinces us that appellant is not presently entitled to additional benefits. Subsection (a) of § 27-12-405 defined permanent total disability. The first sentence of subsection (b), using the mandatory term "shall," prescribed the award to be given in a case of permanent total disability and provided for the method of payment. Provision for additional benefits for the totally disabled worker was provided in subsection (d) of § 27-12-405. Subsection (d) specifically provided that additional benefits may be awarded at the expiration of the time period in which the initial award as provided in subsection (b) would have been paid in its entirety if it had been paid at the monthly rate.

 The language in subsection (b), relied upon by appellant, that "[t]he court may modify the amount of the award to conform to any change in the condition of the employee," when read with the previous sentence specifically describing the award to be given, is susceptible to more than one meaning and thus is ambiguous. An ambiguous statute exists when a word or phrase is susceptible to more than one meaning. *McArtor v. State*, Wyo., 699 P.2d 288 (1985). The words used could suggest that a permanent total disability award may be modified upward. When read in conjunction with the other provisions of the statute, however, the language can only reasonably be interpreted to mean that the court may decrease an award where there has been a decrease from 100% total disability. Total disability is the maximum possible disability under the act. *Parnell v. State ex rel. Worker's Compensation Division*, Wyo., 735 P.2d 1367 (1987). The interpretation of the statute as urged by appellant would lead to the result of an employee receiving a disability award of greater than 100%, and we cannot construe the statute in such a manner. Under our construction of the statute, a 100% permanently totally disabled employee is entitled to a specified award to be paid by monthly payments or, in exceptional circumstances, by a lump sum payment. Upon expiration of the period of time in which the award would have been paid if paid monthly, and if the employee's earning power continues to be impaired, he then is eligible for additional benefits.

We are equally unpersuaded, for essentially the same reasons, that § 27-12-606 provided additional benefits to a permanently totally disabled worker beyond those provided in § 27-12-405. Section 27-12-606, the general reopening and modification statute, provided that, when an employee has received an award, he may, within a certain time including any time during which monthly payments are being

paid, apply for "additional benefits of any type or nature or for a modification of the amount·of the award on the ground of increase or decrease of incapacity due solely to the injury." Regarding this statute, we have said:

"We interpret the language of this statute to the end that a timely application for benefits may be made by an injured workman subject only to the requirement of showing an increase or decrease in incapacity due solely to the injury, or mistake, or fraud.

" * * * An award, being characterized as a judicial determination, is subject to the concept of finality. Given this proposition, § 27–12–606, W.S.1977, represents an attempt by the legislature to balance the concept of finality as applied to worker's compensation awards with the need *to assure that injured workmen receive the full amount of any benefits to which they are entitled under the law.*" *Conn v. Ed Wederski Construction Company,* 668 P.2d at 652–53 (emphasis added).

Appellant, having been awarded 100% permanent total disability, has received the full amount of benefits to which he is entitled pursuant to § 27–12–405. This is the maximum disability award possible for the specified time period, and appellant cannot look to § 27–12–606 for additional benefits. This interpretation is also consistent with the rule that, where a general provision of a statute is inconsistent with a specific provision pertaining to the same subject, the specific provision controls. *Hot Springs County School District No. 1 v. Strube Construction Company,* Wyo., 715 P.2d 540 (1986). Section 27–12–606 is a general provision statute applying to all the various benefit provisions in the act. Section 27–12–405 is a specific statute dealing exclusively with permanent total disability.

Appellant's contention that he is entitled to additional benefits under §§ 27–12–405(b) and 27–12–606 is in essence an argument that, even though appellant was awarded 100% disability, his deteriorated physical condition amounts to an increase in incapacity entitling him to further compensation. This position reflects a misunderstanding of worker's compensation law, particularly as it exists in Wyoming. We have held that worker's compensation in Wyoming "is in the nature of accident insurance and is not intended to give compensation as damages." *Markle v. Williamson,* Wyo., 518 P.2d 621, 624 (1974); *Fuhs v. Swenson,* 58 Wyo. 293, 131 P.2d 333 (1942). We have further said that disability in worker's compensation law means an impairment in earning capacity and that such impairment is the theoretical basis for an award of compensation. *McCarty v. Bear Creek Uranium Company,* Wyo., 694 P.2d 93 (1985). In this respect, we are in accord with this observation by Professor Larson:

"It has been stressed repeatedly that the distinctive feature of the·compensation system, by contrast with tort liability, is that its awards (apart from medical benefits), and apart from certain permanent partial awards in four or five states, are made not for physical injury as such, but for 'disability' produced by such injury." 2 Larson, The Law of Workmen's Compensation § 57.11 at 10–2 (1987).

Appellant was awarded 100% permanent total disability benefits on the basis of the total impairment of his earning capacity. Even though appellant has experienced further physical deterioration, his earning capacity has not been further impaired. Thus, as we have said, "total disability is the maximum disability possible under the Act." *Parnell v. State ex rel. Worker's Compensation Division,* 735 P.2d at 1369.

We observe that the hardship to appellant in this case is a result of the partial lump sum payment given at the time of the initial award. Section 27–12–405(b) provided that any portion of an award may be paid in a lump sum in cases of "exceptional necessity." The order awarding appellant permanent total disability benefits is not in the record on appeal, nor is there any other indication of why a lump sum payment was made. Nevertheless, this case is illustrative of the perils of lump sum awards as described by Professor Larson:

"In some jurisdictions, the excessive and indiscriminate use of the lump-sum-

ming device has reached a point at which it threatens to undermine the real purposes of the compensation system. Since compensation is a segment of a total income insurance system, it ordinarily does its share of the job only if it can be depended on to supply periodic income benefits replacing a portion of lost earnings. If a partially or totally disabled worker gives up these reliable periodic payments in exchange for a large sum of cash immediately in hand, experience has shown that in many cases the lump sum is soon dissipated and the workman is right back where he would have been if worker's compensation had never existed." 3 Larson, The Law of Workmen's Compensation § 82.71 at 15–594–95 (1983).

Appellant was awarded total disability benefits to compensate his loss of earning power through January 1989. The fact that a portion of the award was paid in a lump sum does not affect the covered period of wage loss. Upon the expiration of that period, appellant may apply for additional benefits for any continuing impairment of his earning power pursuant to § 27–12–405(d). Having received the maximum award available under the act on the basis of total incapacity to earn, appellant cannot obtain additional benefits under the provisions for modification of an award found in §§ 27–12–405(b) and 27–12–606.

Affirmed.