In the Matter of the Workers' Compensation Claim of Steven B. STARR, Appellant (Employee–Claimant),

v.

SUNLIGHT RANCHES, Appellee (Employer–Respondent),

and

State of Wyoming, ex rel. Wyoming Workers' Compensation Division, Appellee (Objector–Defendant).

No. 95–19.

Supreme Court of Wyoming.

Feb. 21, 1995.

---

ORDER ON CERTIFIED QUESTIONS

This matter came before the Court upon the district court's ORDER OF CERTIFICATION. In that order, the district court certified four questions to this Court for review. The Court has fully considered the order and will answer only the first of the four questions, to wit:

a. Whether the Medical Commission, established pursuant to WYO.STAT. § 27–14–616 (Supp.1994), had subject matter jurisdiction to determine the present case, as the present case involved an injury occurring prior to the establishment of the Medical Commission?

One function of the Medical Commission is to conduct hearings on medically contested cases. WYO.STAT. § 27–14–616(b)(iv). The act creating the Medical Commission had an effective date of January 1, 1994. 1993 WYO. SESS.LAWS Chap. 229, § 3. Although the exact date of the injury which gave rise to the medically contested claim is not given, it is stipulated that the date of injury was prior to January 1, 1994. The question, as noted above, is whether Steven B. Starr's claim should have been heard by a Medical Commission panel, or by the Office of Administrative Hearings under the statutory scheme in place at the time of Starr's injury.

We hold that the Medical Commission lacked subject matter jurisdiction to consider Starr's claim because Starr's right to a hearing before the Office of Administrative Hearings is a substantive right and was fixed at the time of his injury. *State ex. rel. Workers' Compensation Div. v. Rivera*, 796 P.2d 447, 449 (n. 3) (Wyo.1990); *Deloges v. State ex. rel. Workers' Compensation Div.*, 750 P.2d 1329, 1330 (n. 1) (Wyo.1988); *Matter of Shapiro*, 703 P.2d 1079, 1082 (Wyo.1985); *Bemis v. Texaco, Inc.*, 400 P.2d 529 (Wyo.1965), rehearing denied 401 P.2d 708. It is evident from the statute creating the Medical Commission, as well as the rules and regulations adopted by that Commission, that there is a substantive, not merely procedural, difference between the hearing available under § 27–14–616 and the hearing which was available at the time of Starr's injury. Therefore, we will not give retroactive effect to the Medical Commission statute, or to the rules and regulations adopted pursuant to that statute. It is therefore,

**ORDERED** that WYO.STAT. § 27–14–616 does not apply to the resolution of Starr's contested case proceedings. This matter is

remanded to the district court with directions that it be remanded to the Office of Administrative Hearings for resolution in accordance with the laws which were in effect at the time of Starr's injury. In view of this holding, it is not necessary to answer the other certified questions at this time.