980 P.2d 816 (1999)
In the Matter of the Worker's Compensation Claim of Cheryl L. POHL, an Employee of the Bailey Company.
Cheryl L. Pohl, Appellant (Employee-Petitioner),
v.
The Bailey Company and State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellees (Respondents).
No. 97-349.
Supreme Court of Wyoming.
May 25, 1999.
*817 Michael K. Kelly and S.L. Tiger Adolf of Michael K. Kelly Law Offices, Laramie, WY. Argument by Ms. Adolf, for Appellant.
William U. Hill, Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General. Argument by Mr. Haggerty, for Appellee Workers' Safety and Compensation Div.
Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,[*] JJ.
LEHMAN, Chief Justice.
Cheryl L. Pohl (Pohl) claims that the Worker's Compensation Medical Commission was without jurisdiction to hear her claim because she was injured prior to the date the Medical Commission came into effect. Because the legislature has clearly announced its intent that the Medical Commission hear all medically contested cases regardless of the date of the injury, we reject this contention. Further, we conclude the Worker's Compensation Division acted in accordance with the law when it employed a case review physician to review Pohl's disputed impairment ratings.
We affirm.

ISSUES
Appellant Pohl presents two issues for our review:
1. Whether the Worker's Compensation Division (Division) erred in determining the Office of the Medical Commission, Division of Workers' Safety and Compensation (Commission) had subject matter jurisdiction when the injury at issue occurred in 1992, the Act creating the Commission (Wyo. Stat. § 27-14-616 [Supp.1994] [the Act]) was not passed until 1994, and this Court has previously determined the Act does not apply retroactively.
2. Whether, as a matter of law, the Division violated the statutory requirement in Wyo. Stat. § 27-14-405(e) (Supp.1986) now (m) (1997), (as amended), which mandates the procedure to be followed by the Division in its determination of an award of permanent partial disability when the percentage of physical impairment is disputed.
Appellee, State, ex rel., Workers' Safety and Compensation Division (Division) states the issues in this manner:
The Division denied the Employee's application to modify her permanent physical impairment award. The Workers' Compensation Medical Commission found she failed to prove an increase in incapacity due solely to her injury.

*818 A. The Employee raised her legal arguments for the first time on appeal. Should the court summarily affirm?
B. Was the retroactive application of the Medical Commission's enabling legislation in accordance with law?
C. Did the Medical Commission violate the Act by considering all of the Employee's conflicting impairment ratings?

FACTS
Pohl suffered a work-related back injury on July 22, 1992, when she reached for a clipboard and experienced pain on the left side of her lower back. She reported the incident to her employer but continued working. On September 30, 1992, Pohl experienced an increase in her lower back pain, which included pain radiating into her left buttock. A few days later, Pohl went to an emergency room, where she was diagnosed with an acute lumbar strain and a herniated lumbar disc with radiculopathy (disease of the spinal nerve roots).
Pohl originally followed a non-surgical course of treatment, but she continued to suffer pain. Another examination in February of 1993 confirmed disc degeneration and inflammation between lumbar vertebrae 4 and .5. In June of 1993, Pohl underwent spinal fusion surgery. After this surgery and recuperation, Pohl accepted a 20 percent permanent partial impairment award.
Pohl moved to Oregon in 1995 and continued to receive therapy and treatment. In June of 1995, Pohl requested an impairment rating from her Oregon physician. Although the physician told Pohl that "Oregon physicians don't do [impairment] ratings," the physician supplied a rating. Without including any explanation of how the rating was calculated, Pohl's physician concluded that Pohl's whole body impairment rating had increased to 32 percent. Relying on the 32 percent rating, Pohl petitioned the Division for an award for an increase in permanent partial disability pursuant to Wyo. Stat. Ann. § 27-14-605(a) (Michie Rpl. June 1991).[1] The Division disputed the 32 percent rating and arranged for an independent medical evaluation (IME) with a second Oregon physician. After examination and testing, the IME examiner concluded that Pohl's impairment rating was 35 percent.
Before rendering a final determination, the Division employed a physician, Dr. Anne MacGuire, to conduct a review of Pohl's claim. After reviewing Pohl's history and both impairment ratings, Dr. MacGuire concluded that both impairment ratings were invalid under the AMA Guide to the Evaluation of Permanent Impairment, Fourth Edition (AMA Guide). The Division denied Pohl's claim for an increase in her impairment rating, stating that the "Medical Adjudicator for the Division has reviewed the Impairment Rating and has indicated that you have no additional impairment, therefore, additional Permanent Partial Disability benefits will not be awarded." Pohl filed a timely request for a hearing, and the Division referred the case to the Workers' Compensation Medical Commission (Medical Commission).
The Medical Commission denied Pohl's claim. Like Dr. MacGuire, the Medical Commission determined that both the 32 percent and 35 percent ratings were invalid. The Medical Commission found that the measurements made by the IME examiner were generally consistent with the measurements used in determining Pohl's original 20 percent impairment rating and, thus, generally consistent in documenting Pohl's level of impairment. Because neither the invalid impairment ratings nor any other evidence established an increase in incapacity, the Medical Commission concluded that Pohl had not established an increase in impairment (above her original 20 percent rating) due solely to her work-related injury. Pohl petitioned for review of the Medical Commission's decision *819 to the district court, which affirmed. This appeal follows.

STANDARD OF REVIEW
When considering an appeal from a district court's review of an agency's decision, we accord no special deference to the district court's conclusions. French v. Amax Coal West, 960 P.2d 1023, 1027 (Wyo.1998); Manning v. State ex rel. Worker's Compensation Div., 938 P.2d 870, 872-73 (Wyo.1997). Instead, we review the case as if it had come to us directly from the administrative agency. Id. Our review is limited to a determination of the matters specified in Wyo. Stat. Ann. § 16-3-114(c) (Michie 1997), which mandates that the reviewing court shall:
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
* * *
(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
* * *
(D) Without observance of procedure required by law[.]
This appeal presents two questions of statutory interpretation, questions of law. We review questions of law de novo. Haagensen v. State ex rel. Workers' Compensation Div., 949 P.2d 865, 867 (Wyo.1997).

DISCUSSION
Before addressing Pohl's claims, we must dispose of the Division's contention that we should summarily affirm because Pohl did not raise her issues with the Medical Commission. "As we have consistently stated over many years, Wyoming appellate courts do not review issues raised for the first time on appeal. This rule is equally applicable to appeals from administrative decisions as to those from district courts." Shaffer v. State ex rel. Workers' Safety and Compensation Div., 960 P.2d 504, 507-08 (Wyo.1998) (quoting Nelson v. Sheridan Manor, 939 P.2d 252, 255 (Wyo.1997)). We will, however, consider two types of issues raised for the first time on appeal: jurisdictional issues and "issues of such a fundamental nature that they must be considered." WW Enterprises, Inc. v. City of Cheyenne, 956 P.2d 353, 356 (Wyo.1998); Ricci v. New Hampshire Ins. Co., 721 P.2d 1081, 1088 (Wyo.1986); State Tax Comm'n v. BHP Petroleum Co. Inc., 856 P.2d 428, 437-38 (Wyo.1993). Because Pohl's first issue presents a jurisdictional question, it is subject to our review.
Her second claim presents a more difficult question. However, because Pohl had no opportunity to present the issue to the Medical Commission hearing panel, we will also consider the second issue. In its scheduling order, the Medical Commission requested that the parties provide a disclosure statement setting forth "contested medical issues to be determined at the hearing." Thus, the Medical Commission clearly limited its review to medical issues, giving no indication that legal issues would be reviewed. Pohl relied on the scheduling order and did not raise her legal contentions with the Medical Commission. Because Pohl raised her second issue at the first available opportunity (in her petition for review with the district court), we will entertain the issue on appeal.

Referral to the Medical Commission
Pohl claims that the Medical Commission did not have jurisdiction to hear her claim because her injury occurred before the Medical Commission was established. Relying on Starr v. Sunlight Ranches, 890 P.2d 1096 (Wyo.1995), Pohl claims she has a vested, substantive right to a hearing before a hearing examiner from the Office of Administrative Hearings (OAH). The Division argues that the Starr decision has been vitiated by subsequent legislative action.
In 1993, the Wyoming legislature created the Workers' Compensation Medical Commission to hear medically contested cases. Wyo. Stat. Ann. § 27-14-616(b)(iv) (effective January 1, 1994). In Starr v. Sunlight Ranches, 890 P.2d 1096, we were presented with the question of whether the Medical Commission possessed jurisdiction to hear a medically contested case that arose from an *820 injury that occurred prior to the Medical Commission's effective date. In answering a certified question, we held that "the Medical Commission lacked subject matter jurisdiction to consider Starr's claim because Starr's right to a hearing before the Office of Administrative Hearings is a substantive right and was fixed at the time of his injury." Id. We also stated that we would not give retroactive effect to the Medical Commission statute or the rules and regulations adopted pursuant thereto. Id.
After our decision in Starr was released, the legislature promulgated the following:
(a) In response to the order of the Wyoming supreme court in the matter of Steven B. Starr v. Sunlight Ranches, et al., February 21, 1995, it was the intent of the legislature that the medical commission established under W.S. XX-XX-XXX(a) pursuant to 1993 Wyoming Session Laws, Chapter 229, was to have subject matter jurisdiction over medically contested cases commencing on or after January 1, 1994, regardless of the date of injury.
(b) The legislature therefore declares that the medical commission shall have subject matter jurisdiction over all medically contested cases commencing on or after January 1, 1994, regardless of the injury date.
1996 Wyo. Sess. Laws, ch. 82, § 3. Given this expository[2] legislation, the question becomes whether Starr remains controlling.
This court recognizes the well-established rule that "statutes are not to be applied retroactively unless so provided therein, and this is especially true when substantive rights of parties are involved." Bemis v. Texaco, Inc., 400 P.2d 529, 530 (Wyo.1965). Therefore, this court will not apply a statute retrospectively in the absence of clear legislative intent. Edgcomb v. Lower Valley Power & Light, Inc., 922 P.2d 850, 859 (Wyo.1996); Wyoming Refining Co. v. Bottjen, 695 P.2d 647, 650 (Wyo.1985); Johnson v. Safeway Stores, Inc., 568 P.2d 908, 914-15 (Wyo.1977). Here, the legislature's intent that the Medical Commission statute apply retrospectively could not be clearer. Our decision in Starr simply reflects our general rule that a statute will not be applied retrospectively in the absence of clear legislative intent. Now that the legislature has announced its intent, we no longer have reason to abide by the general rule. Therefore, Pohl's reliance on Starr is misplaced, and we will follow the legislature's intent that the statute creating the Medical Commission be applied retrospectively.
We also conclude that the expository legislation outlined above controls over prior, general legislation in the area. Pursuant to Wyo. Stat. Ann. § 27-14-602(b) (Michie 1997), the legislature has codified our general rule that a worker's compensation claim is governed by the laws in effect at the time of the injury. See Wright v. State ex rel. Workers' Safety and Compensation Div., 952 P.2d 209, 212 n. 1 (Wyo.1998); Matter of Workers' Compensation Claim of Jacobs, 924 P.2d 982, 984 (Wyo.1996). The above-quoted expository legislation conflicts with this general rule. When two legislative pronouncements conflict, we give effect to the most recent pronouncement in a given area of law. Department of Revenue and Taxation, Motor Vehicle Division v. Shipley, 579 P.2d 415, 417-18 (Wyo.1978). In addition, specific legislation controls over more general legislation. Id.; Matter of Lyles, 957 P.2d 843, 846 (Wyo.1998); Cf. Emulsified Asphalt, Inc. v. Transportation Comm'n, 970 P.2d 858, 864 (Wyo.1998). Applying these principles, we conclude that the later, specific expository legislation cited above is controlling, and the Medical Commission had jurisdiction to hear Pohl's medically contested case.

Disputed Impairment Ratings
Pohl complains that the Division did not comply with the Worker's Compensation Act when it evaluated her claim for an increase in incapacity under Wyo. Stat. Ann. § 27-14-605(a) (Michie Rpl. June 1991). She *821 contends that the Division acted contrary to Wyo. Stat. Ann. § 27-14-405(m) (Michie 1997) (formerly -405(e) (Rpl. June 1991)) when it employed a physician to perform a "paper review" of Pohl's conflicting impairment ratings and later relied on the physician's review in denying benefits. We reject these contentions.
Section 27-14-405(m) provides
If the percentage of physical impairment is disputed, the division shall obtain a second opinion and if the ratings conflict, shall determine the physical impairment award upon consideration of the initial and second opinion. Any objection to the final determination pursuant to this subsection shall be referred to the medical commission for hearing by a medical hearing panel acting as hearing examiner pursuant to W.S. XX-XX-XXX.
In Pohl's case, the Division disputed the percentage of physical impairment and arranged for an IME. After the IME was completed, the Division employed a case review physician, Dr. MacGuire, to assist in "determin[ing] the physical impairment award upon consideration of the initial and second opinion." Clearly, the Division was within its authority in engaging a medical professional, Dr. MacGuire, to assist in evaluating the case before it. See Wyo. Stat. Ann. § 27-14-801(d) (Michie Rpl. June 1991). Moreover, when Pohl's Oregon physician indicated in a report that "Oregon physicians don't do ratings," closer consideration of the ratings from both Oregon physicians was warranted. After reviewing the impairment ratings, Dr. MacGuire concluded that both ratings were invalid due to inaccurate applications of the AMA Guide.
In her brief, Pohl concedes that it is appropriate for the Division to reject evidence which is invalid or erroneous. Nevertheless, she maintains that the Division erred by disregarding the ratings from the Oregon physicians. We disagree. With the accuracy of the impairment ratings challenged, the Division properly denied Pohl's claim and left its resolution to the expertise of the Medical Commission. We conclude that the Division's acted in accordance with Wyo. Stat. Ann. § 27-14-405(m) when it employed Dr. MacGuire to evaluate Pohl's impairment ratings.

CONCLUSION
We affirm the district court's Order Affirming Administrative Order, which affirmed the decision of the medical commission hearing panel.
NOTES
[*] Chief Justice at time of oral argument; retired November 2, 1998.
[1] Wyo. Stat. Ann. § 27-14-605(a) (Michie Rpl. June 1991) provides in pertinent part:

(a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional medical and disability benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.
[2] Black's Law Dictionary 580 (6th ed.1990) defines "expository statute" as:

A law that is enacted to explain the meaning of a previously enacted law. Such statutes are often expressed thus: "The true intent and meaning of an act passed * * * be and is hereby declared to be"; "the provisions of the act shall not hereafter extend"; or "are hereby declared and enacted not to apply," and the like. This is a common mode of legislation.