# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 89

APRIL TERM, A.D. 2015

June 23, 2015

IN THE MATTER OF THE ESTATE OF ELDA L.
COBORN, a/k/a ELDA LAVERNE COBORN,
ELDA COBORN, ELDA L. COBURN and ELDA
COBURN, deceased.

PAMELA LYNN COPELAND and AUBREY
ALAN COBORN,

S-14-0315

Appellants
(Applicants).

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Appellants:*

> *Thomas N. Long and Aaron J. Lyttle, Long Reimer Winegar Beppler LLP, Cheyenne, Wyoming.*

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]   In this probate case, Appellants, Pamela Lynn Copeland and Aubrey Alan Coborn, challenge the district court's order denying, in part, an application for a summary decree of distribution.  Appellants claim the Laramie County district court erred in refusing to distribute Wyoming real property not located in Laramie County.  The court declined to distribute the property because it determined that it had statutory authority to order summary distribution of the decedent's real property interests located in the county in which the district court is located, but not real property located in other Wyoming counties.  We will reverse and remand for further proceedings.

## ISSUE

[¶2]   Appellants present this issue:

> Whether Wyo. Stat. Ann. § 2-1-205 (LexisNexis 2013), which permits a district court to grant summary distribution of small estates, requires Appellants to file a petition for summary distribution in every county in which the decedent's property was located.

## FACTS

[¶3]   Elda L. Coborn died intestate on March 17, 2014.  She owned a house in Laramie County, Wyoming, mineral interests in Campbell and Johnson Counties, and personal property.  Appellants are the daughters of Ms. Coborn.  They filed an "Application for Summary Decree of Distribution of Real and Personal Property" in the district court in Laramie County, Wyoming.  In accordance with the statutory requirements for summary distribution found in Wyo. Stat. Ann. § 2-1-205, they alleged that the entire estate was located in Wyoming or otherwise subject to probate in Wyoming, and that its total value did not exceed $200,000.

[¶4]   The district court granted the application in part, distributing the personal property and the real property located in Laramie County.  The court denied the application with regard to the mineral interests in Campbell and Johnson Counties, based upon its determination that the statute did not authorize the court to distribute real property located in other Wyoming counties.  Appellants challenge that determination in this appeal.

## STANDARD OF REVIEW

[¶5]   To resolve this case, we must interpret Wyo. Stat. Ann. § 2-1-205.

1

When we interpret statutes, our goal is to give effect to the intent of the legislature, and we "attempt to determine the legislature's intent based primarily on the plain and ordinary meaning of the words used in the statute." *Krenning v. Heart Mountain Irrigation Dist.*, 2009 WY 11, ¶ 9, 200 P.3d 774, 778 (Wyo. 2009). Statutory interpretation presents a question of law, so our review of the district court's conclusions is *de novo*. *Id*.; *Sinclair Oil Corp. v. Wyo. Dep't of Revenue*, 2010 WY 122, ¶ 7, 238 P.3d 568, 570 (Wyo. 2010).

*In re Estate of Scherer*, 2014 WY 129, ¶ 5, 336 P.3d 129, 131 (Wyo. 2014).

## *DISCUSSION*

[¶6]   Wyo. Stat. Ann. § 2-1-205(a) provides as follows:

If any person dies who is the owner of personal or real property, including mineral interests, but whose entire estate including personal property does not exceed two hundred thousand dollars ($200,000.00), the person or persons claiming to be the distributees of the decedent may file, not earlier than thirty (30) days after the decedent's death, an application for a decree **in the district court of the county where the property is situated**.

(Emphasis added.)   The district court reasoned that, with respect to the decedent's mineral interests in Campbell and Johnson Counties, it was "not a 'district court of the county where the property is situated.'" It therefore denied Appellants' application to distribute the real property interests located in Campbell and Johnson Counties.

[¶7]   Appellants contend that the language of the statute is ambiguous and, for various reasons, should be interpreted to authorize a district court to distribute real property in other counties.  Appellants point out that, according to the title of this statute, it was intended to provide a "[s]ummary procedure for distribution of personal or real property." According to Appellants, requiring distributees to file probate actions in every county in which the decedent owned real property would contravene the statute's general purpose of providing a speedy and efficient process for administering relatively small estates. Appellants assert that it is more consistent with the statutory purpose to allow a district court to order summary distribution of real property throughout Wyoming.  However, legislative action taken subsequent to the district court's decision renders a detailed analysis of Appellants' arguments unnecessary.

[¶8]   In its 2015 session, the Wyoming Legislature amended the statute at issue.  The

2

new statute, which will take effect on July 1, 2015, reads as follows:

> If any person dies who is the owner of personal or real property, including mineral interests, but whose entire estate including personal property does not exceed two hundred thousand dollars ($200,000.00), less liens and encumbrances, the person or persons claiming to be the distributee or distributees of the decedent may file, not earlier than thirty (30) days after the decedent's death, an application for a decree of summary distribution of property.

Senate File 111, Enrolled Act No. 34, available at *The Online Home of the Wyoming Legislature*, http://legisweb.state.wy.us/2015/Enroll/SF0111.pdf (last visited June 22, 2015). By removing language directing that an application for summary distribution be filed "in the district court of the county where the property is situated," the legislature clearly indicated its intention that the statute authorizes a district court to order summary distribution of real property throughout Wyoming.

[¶9]    The legislature also signaled that this has always been the intent of the statute. As part of the legislation amending the statute, it declared:

> This act is intended as a clarification of existing law. The Wyoming legislature intends to make no substantive change to prior law including, but not limited to powers, duties, authorities, obligations, administration, confidentiality, remedies or statutes of limitation. This act is not intended to affect the validity of any rule or regulation promulgated prior to the effective date of this act.

*Id*. A law "enacted to explain the meaning of a previously enacted law" is known as expository legislation. *In re Pohl*, 980 P.2d 816, 820 n.2 (Wyo. 1999) (quoting Black's Law Dictionary 580 (6th ed. 1990)), o*verruled on other grounds by Torres v. State ex rel. Wyoming Workers' Safety & Comp. Div.*, 2004 WY 92, ¶ 7, 95 P.3d 794, 796 (Wyo. 2004). "[E]xpository legislation . . . controls over prior, general legislation in the area." *Pohl*, 980 P.2d at 820. When expository legislation makes the legislative intent clear, there is no need for further interpretation of the statute.

[¶10] Given this clear expression of legislative intent, we conclude that the district court erred in ruling that Wyo. Stat. Ann. § 2-1-205 did not authorize summary distribution of real property located in other Wyoming counties. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

3