739 P.2d 129 (1987)
In the Matter of the Worker's Compensation Claim of William V. HIGGINS, Appellant (Claimant/Employee),
v.
STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Objector-Defendant),
Carbon County Coal Company (Contestant/Employer).
No. 86-297.
Supreme Court of Wyoming.
July 2, 1987.
*130 George Santini of Charles E. Graves & Associates, Cheyenne, for appellant.
A.G. McClintock, Atty. Gen., Patrick J. Crank, and Josephine T. Porter, Asst. Attys. Gen., for appellee Wyoming Worker's Compensation Div.
Catherine MacPherson of Johnson, MacPherson & Noecker, Rawlins, for appellee Carbon County Coal Co.
Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.
BROWN, Chief Justice.
This appeal is from the district court's denial of worker's compensation temporary total disability payments to appellant after July 14, 1986. Appellant alleges denial of due process of law in violation of the Fourteenth Amendment of the United States Constitution and Art. 1, § 36 of the Wyoming State Constitution.
Appellant identifies the issue as:
"May Worker's Compensation temporary total disability benefits be terminated without notice or an opportunity to be heard."
We affirm.
On October 3, 1985, appellant, William V. Higgins, suffered a work-related back injury while employed by the Carbon County Coal Company. He received temporary total disability benefits from October 7, 1985 through June 13, 1986.
*131 On June 13, 1986, the clerk of district court received a letter from appellant's physician, Peter W. Beall, M.D., stating that appellant had a five percent permanent partial disability rating to the body as a whole. Based on this letter, appellant's temporary total disability benefits were discontinued and he was sent a permanent partial disability benefit application. On the same day, appellant requested the district court's permission to seek a second medical opinion before a disability rating was finally determined. The court granted appellant's request and allowed him to seek the evaluation of Claude Grizzle, M.D.
On July 14, 1986, appellant filed an Application for an Award of Temporary Total Disability Benefits or Permanent Total Disability Award and Appointment of Attorney. He stated that he had been advised by the clerk of district court that he was no longer eligible for temporary total disability benefits based upon Dr. Beall's letter of June 13, 1986. Further, he requested that the court enter an order directing the clerk of district court to keep him on temporary total disability status until Dr. Grizzle, the second physician, could examine him and render a permanent partial disability rating. Alternatively, appellant requested permanent total disability benefits. On August 15, 1986, appellant filed an Amended Application for Continuance of Temporary Total Disability Benefits, which stated that he had been denied further temporary total disability benefits without notice or an opportunity to be heard and alleged that such termination violated his right to due process of law.
A hearing was held August 27, 1986, on appellant's motion to reinstate his temporary total benefits. After this hearing, the district court, on September 23, 1986, ordered that temporary total disability payments be made to appellant from June 13, 1986, July 14, 1986. However, the court denied payment of additional temporary total disability benefits after July 14, 1986. The question concerning appellant's permanent physical disability rating was continued pending a later hearing on that issue. In a second order also filed September 23, 1986, the court found that the denial of continued temporary total disability benefits after July 14, 1986, was in accordance with the Wyoming Worker's Compensation Act and was not a denial of due process of law. Additionally, the court found that its order was a final and appealable order. This appeal is from those orders.
In his argument appellant contends that:
1. "Worker's compensation temporary total disability benefits are a statutory entitlement which are treated as property for purposes of the due process clause of the Fourteenth Amendment to the United States Constitution.
2. "Due process requires notice and opportunity to be heard prior to termination of temporary total disability benefits.
3. "The Wyoming Worker's Compensation Act provides statutory procedures for termination of temporary total disability benefits which were not followed in the present case."
Appellant's three arguments are interrelated; therefore, we will consider them together.
The parties devote a great deal of time arguing whether or not appellant's right to receive temporary total disability benefits is the type of right that requires a hearing before such benefits may be terminated. We need not be concerned with this question because we find that appellant was in fact afforded a hearing required or implied by the worker's compensation scheme.
Throughout his brief and in oral argument appellant complains about the district clerk of court or the Worker's Compensation Division terminating his benefits.
It is not the burden of the employer or the Worker's Compensation Division to prove that the worker is not entitled to a continuation of temporary total disability benefits. But rather, the claimant has the burden to show that he is entitled to a continuance of benefits. It seems that appellant is urging a rule that changes the burden of proof.
On June 13, 1987, there was no indication that appellant was temporarily totally *132 disabled. To the contrary, there was evidence that appellant's condition had stabilized and that he had a five percent permanent partial disability. Under these circumstances the deputy clerk of court could not lawfully authorize a continuance of appellant's temporary total disability benefits. Therefore, the real reason appellant's benefits were discontinued was because of his failure to show that he was totally disabled.
There is no statute, policy, rule or anything in the worker's compensation scheme that mandates a hearing before benefits are discontinued or suspended. Hundreds of times each year temporary total disability benefits are terminated and the worker goes back to work or is awarded partial disability benefits or total disability benefits. If, as appellant contends, a pretermination hearing was required, the worker's compensation scheme would collapse under the sheer volume of hearings that would be required. Furthermore, the compensation fund and judiciary could not stand the expense of hundreds and hundreds of pretermination hearings each year.
In construing the plain and ordinary meaning of the Worker's Compensation Act and reviewing pertinent case law from this court, it clearly appears that the legislature intended that temporary total disability benefits discontinue upon a showing of stability on the part of a recipient.
Section 27-12-402, W.S. 1977 (June 1983 Replacement), in applicable part states:
"(a) Temporary total disability means a compensable injury which temporarily incapacitates the employee from performing any work at any gainful occupation for which he is reasonably suited * * *.
"(b) * * * As soon as the recovery is so complete that the earning power of the employee at a gainful occupation for which he is reasonably suited by experience or training, is substantially restored, the payment shall cease. * * *" (Emphasis added.)
And, § 27-12-611, W.S. 1977 (June 1983 Replacement), in applicable part, provides:
"(a) Each employee awarded compensation for temporary total disability shall submit himself for medical examination by a physician licensed to practice medicine in this state * * *. The purpose of the examination is to determine whether the employee has recovered so that his earning power at any gainful occupation for which he is reasonably suited by experience or training, is substantially restored.

"(b) The results of the examination shall be reported by * * * the physician to the clerk of the district court who made the award in the first instance, and the matter shall be disposed of as the judge deems proper. If the judge finds that the employee has recovered and has been restored to his earning ability, and that compensation should be discontinued, his decision and judgment shall be certified to the director and state auditor and state treasurer and shall be directed to those officers to discontinue compensation payments." (Emphasis added.)
The statutes contemplate that temporary total disability benefits are to continue for an interim period, only until recovery or stabilization occurs.
This court in interpreting eligibility for temporary total disability benefits, said:
"* * * In absence of proof that something is expected to cause his condition to improve, he [appellant] cannot be said to be in a state of temporary total disability." Black Watch Farms v. Baldwin, Wyo., 474 P.2d 297, 300 (1970).
Further, in Pacific Power & Light v. Parsons, Wyo., 692 P.2d 226, 228 (1984), it is stated:
"The purpose of temporary disability compensation is to provide income for an employee during the time of healing from his injury and until his condition has stabilized. * * *" (Emphasis added.)
A 1986 treatise on worker's compensation lists eighteen state courts and at least one federal court which have determined that temporary benefits must cease when stability occurs and permanent disability may be determined. 2 Larson, Workmen's Compensation Law, § 57.12(b), pp. 10.17-10.21 (1987).
*133 As stated in Parnell v. State Worker's Compensation Division, Wyo., 735 P.2d 1367, 1368 (1987):
"The Wyoming Worker's Compensation Act contemplates three types of disability: temporary total disability, permanent partial disability, and permanent total disability. Section 27-12-402, W.S. 1977, Cum.Supp. 1986; §§ 27-12-403 and 27-12-405, W.S. 1977. In the usual case, temporary total disability will be awarded for a single initial period of recovery and stabilization. See Pacific Power and Light v. Parsons, Wyo., 692 P.2d 226, 228 (1984). Once stabilization occurs, the extent of permanent disability, whether partial or total, should be determined and the employee should receive an appropriate award." (Emphasis added.)
Under the worker's compensation scheme, temporary total disability awards are made on the basis of monthly physician reports certifying that a workman is still totally disabled. This report is form WCD, No. 9 (referred to as the green sheet). The burden is on the claimant of worker's compensation benefits to show entitlement to an award of compensation. See Parnell v. State, supra; Alco of Wyoming v. Baker, Wyo., 651 P.2d 266 (1982); Black Watch Farms v. Baldwin, supra. If a physician does not certify that a workman is totally disabled or when it is indicated that he has reached the point of stability or recovery, temporary total disability benefits must cease.
We have held numerous times that worker's compensation statutes are to be liberally construed to effectuate their beneficial purposes. Matter of Abas, Wyo., 701 P.2d 1153 (1985); Conn v. Ed Wederski Construction Company, Wyo., 668 P.2d 649 (1983); Matter of Johner, Wyo., 643 P.2d 932 (1982); Mor, Inc. v. Haverlock, Wyo., 566 P.2d 219 (1977). "* * * The purpose of such construction is to require the industry to bear the burden of industrial accidents, not the injured worker. * * *" "Matter of Abas, supra, at 1156. However, we must not ignore clear statutory language and apply worker's compensation statutes to situations that do not reasonably fall within the intended ambit of such laws. Matter of Abas, supra; Matter of Van Matre, Wyo., 657 P.2d 815 (1983); Alco of Wyoming v. Baker, supra.
Here, appellant's physician gave a rating of five percent permanent partial disability to the body as a whole, indicating that appellant's condition had stabilized. Further, no physician reports certifying that appellant remained totally disabled were received by the clerk of district court after that time.
Notwithstanding the question of whether or not appellant's interest in temporary total disability benefits is a property right, the statute clearly states that a hearing is available. Section 27-12-602, W.S. 1977 (June 1983 Replacement), provides in part:
"If there is a dispute as to the right of the employee or his dependents to receive compensation, or as to the amount of compensation, the judge shall set the case for hearing at the earliest possible date * * *." (Emphasis added.)
At a post termination of benefits hearing, if the claimant prevails, full retroactive relief may be awarded. Dillard v. Industrial Commission of Virginia, 416 U.S. 783, 94 S.Ct. 2028, 40 L.Ed.2d 540 (1974). Procedural due process of law is provided if, upon a hearing after termination of temporary total benefits, retroactive relief may be awarded the worker. In this case, the claimant was afforded an opportunity to be heard at a meaningful time and in a meaningful manner after discontinuance of temporary total disability benefits.
On August 27, 1986, a hearing was held to determine whether or not appellant's temporary disability benefits should be reinstated. After this hearing the court awarded appellant an additional month temporary total disability benefits retroactively, and denied temporary total benefits after July 14, 1986.
Affirmed.