Harold R. DUNCAN, Appellant (Employee–Claimant),

v.

**LARAMIE COUNTY COMMUNITY COLLEGE, Appellee (Employer–Respondent).**

No. 88–104.

Supreme Court of Wyoming.

Feb. 14, 1989.

Terry J. Harris and Julie Nye Tiedeken of Southeast Wyoming Law Offices, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Josephine T. Porter, Sr. Asst. Atty. Gen., and Ron Arnold, Asst. Atty. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

Appellant, Harold R. Duncan, appeals an order of the district court denying his petition for continued permanent total disability compensation. Appellant poses the following two issues for our determination:

(1) Did the district court err by basing its decision on a redetermination of the appellant's current "physical impairment" rather than basing its decision on a determination of the appellant's present impairment of earning capacity?

(2) Did the district court erroneously conclude that despite any continuing physical impairment, the appellant's present receipt of monthly retirement and social security benefits justified a denial of continued permanent total disability compensation?

We affirm.

Appellant suffered an injury to his cervical spine while working within the course and scope of his employment at Laramie County Community College (LCCC) in August 1978. On December 28, 1981, he was found to be permanently totally disabled and was given an award of $30,000 to be disbursed monthly until that sum was exhausted. When that sum was depleted in February of 1986, appellant petitioned the district court for additional permanent total disability benefits as provided in W.S. 27–12–405 (as amended 1983). Benefits were continued several times on an interim basis, and he received $15,000 in additional benefits between March 1986 and February 1988. After taking testimony from appellant, his treating physician, and an independent medical examiner, the district court entered an order on February 25, 1988, denying further disability benefits.

Appellant asserts as his first issue that the district court erred in basing its decision upon a redetermination of appellant's current physical impairment, rather than appellant's present impairment of earning capacity. This contention misconstrues the determination made by the district court and ignores the district court's broad grant of discretion in considering continued benefits under § 27–12–405(d). Whereas § 27–12–405(b) provides that a worker *shall receive* certain enumerated benefits upon demonstrating a permanent total disability, § 27–12–405(d) clearly and unambiguously provides that a court *may* continue benefits for any continuing impairment of the worker's earning power.

Appellant couches his argument in terms of an "entitlement" to this additional compensation. We hold that the clear intent of the statute is to grant to the district court a discretionary ability to order additional compensation where the facts and circumstances so warrant. Where the word "may" is used in a statute such as this, it is permissive only and operates to confer discretion. *Mayor v. Board of Land Commissioners*, 64 Wyo. 409, 192 P.2d 403, 411 (1948). This court has frequently stated its policy of liberally construing worker's compensation statutes in light of their benefi-

cent purpose so that industry rather than the injured worker will bear the burden of industrial accident. We cannot, however, when so construing the act, ignore its clear statutory provisions. *Conn v. Ed Wederski Const. Co.*, 668 P.2d 649, 652 (Wyo. 1983). We perceive that a construction that continued benefits are within the sound discretion of the trial court is consistent with the overall intention of the worker's compensation statutes. Benefits are not intended as an income maintenance mechanism, but rather to provide an injured worker with payments in the nature of subsistence. W.S. 27–12–405(b) (as amended 1983); 1 Larson, Law of Workmen's Compensation, § 2.50 (1985); and see *Matter of Shapiro*, 703 P.2d 1079, 1083 (Wyo.1985) (Thomas, C.J., dissenting).

■ The district court arrived at its conclusion that these discretionary benefits should be denied after weighing a considerable body of evidence. Richard C. Wecker, M.D., was designated by the district court as an independent medical examiner. In contrast to the testimony of appellant's treating physician, who rated appellant as 100% permanently totally disabled and unable to work at any employment, Dr. Wecker's report concluded that appellant enjoyed a relatively normal and pain-free ability to move about and use his body. Further, Dr. Wecker found:

(1) Appellant was permanently partially physically impaired to the extent of 15% for the lumbar spine and 20% for the cervical spine.

(2) These percentages were not based on the industrial accident alone. Appellant had significant degenerative osteoarthritis involving the cervical, thoracic, and lumbar spinal areas prior to the injury. This condition was consistent with the appellant's age (65 years of age), although the work injury served as an aggravation to that pre-existing condition.

(3) Appellant's primary complaint, numbness and tingling in his hands, was due to a totally unrelated problem of bilateral carpal tunnel syndrome with median nerve compression at the wrist. Proper treatment of this condition could relieve the symptoms of numbness and tingling experienced by appellant.

Moreover, appellant testified, and the court noted, that he was alert and demonstrated an ability to move about and gesture freely and with gusto. In addition, appellant related that after his accident he continued to work at LCCC until December of 1978 when he quit because he felt unsure of his ability to work around high voltage electricity. Appellant also worked as a maintenance man on telefax equipment for nine months in 1979 and quit that employment, in part because the machines were too heavy for him to carry, and in part because the company for which he worked was losing its contract to do the maintenance work. In 1980, he worked for a few months installing telephones, but quit that work because he felt he could not work fast enough due to numbness in his hands. Appellant also testified that he was free to move about and change jobs because he received a pension of $1,284 per month for his 32–year career in the federal service, as well as $118 per month from social security. There was no testimony to the effect that appellant had searched for work suitable to his abilities and limitations and had been unable to obtain such work because of his 1978 injury.

■ The district court applied these facts to the governing statute, § 27–12–405(d), and concluded that appellant did not suffer from a continuing impairment of his earning power resulting from the original injury. From the testimony of Dr. Wecker, the trial judge could properly infer that any impairment of appellant's earning capacity resulted from body impairment that did not result from the injury for which compensation was awarded. The trial court could properly infer from appellant's own testimony that his lack of employment was motivated, not by an inability to work because of the injury sustained at LCCC, but because he had a secure and steady income from his pension and social security. This later inference, we hold, was a proper consideration in determining appellant's motivation to return to work and, hence, his earning

capacity. *Russell v. Industrial Commission*, 23 Ariz.App. 398, 533 P.2d 706, 711 (1975). Such a determination is similar in nature to an initial determination of disability, and we have held that these determinations are questions of fact to be resolved by the trier of fact. *Rose v. Westates Const. Co.*, 703 P.2d 1084, 1089 (Wyo.1985).

Where there is sufficient evidence to support the factual determinations of the trial court, as there is in this case, we will not invade the province of the trier of fact by reaching a different conclusion. *Schepanovich v. United States Steel Corp.*, 669 P.2d 522, 529 (Wyo.1983). Moreover, our holding that an award of continued compensation under § 27–12–405(d) is within the sound discretion of the trial court required that appellant satisfy a burden to clearly demonstrate an abuse of discretion. We have held that an abuse of discretion is that which shocks the conscience of the court and appears so unfair and inequitable that a reasonable person could not abide it. *Waldrop v. Weaver*, 702 P.2d 1291, 1293 (Wyo.1985), quoting *Martinez v. State*, 611 P.2d 831 (Wyo.1980). After viewing the substantial evidence which supports the trial court's findings and our construction of the purpose of § 27–12–405(d), we perceive no abuse of discretion.

■ Appellant contends in his second issue that the district court erred in finding that, despite a continuing physical impairment, appellant's receipt of pension and social security income justified a denial of continued disability compensation. We need not decide today whether a district court could properly deny continued benefits under § 27–12–405(d) based *solely* on appellant's receipt of retirement income. The district court did not make such a determination. Having found no significant continuing impairment of appellant's earning power that resulted from the original injury, the district court then, assuming that such impairment existed, questioned whether permanent total disability compensation should be paid to one with such a substantial income. The statutes applicable to this claim are silent on whether such income may be the basis of a denial of continued benefits. We note, however, that under current law income from all sources is one factor that must be considered in deciding an application for an award of additional permanent total disability compensation. W.S. 27–14–403(g)(i)(C) (as amended 1986). We conclude that the judgment of the district court was supported by sufficient evidence which indicated the appellant no longer suffered from any continuing impairment of his earning power resulting from the original injury and that such determination was within the sound discretion of the court.

AFFIRMED.