George A. WRIGHT, Appellant
(Petitioner/Employee–
Claimant),

v.

The STATE of Wyoming, ex rel., WYO-
MING WORKERS' SAFETY AND
COMPENSATION DIVISION, Appellee
(Respondent/Objector–Defendant).

No. 96–197.

Supreme Court of Wyoming.

Jan. 2, 1998.

George Santini of Santini Law Offices,
P.C., Cheyenne, for Appellant.

William U. Hill, Attorney General; John
W. Renneisen, Deputy Attorney General;
Gerald W. Laska, Senior Assistant Attorney
General; Jennifer A. Evans, Assistant Attor-
ney General (argued), for Appellee.

Before TAYLOR, C.J., and THOMAS,
MACY and LEHMAN, JJ., and CARDINE,
Retired Justice.*

THOMAS, Justice.

The key issue in this case, in which review
is sought of the denial of extended benefits

* CARDINE, Ret.J., deceased July 22, 1997.

for an injured workman, is whether the award of retrospective benefits is foreclosed because Wyo. Stat. § 27–14–403(g) (1991) does not specifically provide authority for such an award. After achieving a remarkable recovery from a serious and disabling injury, George A. Wright (Wright) returned to the work force and enjoyed a successful career for several years. Ultimately, however, his injuries forced him to discontinue his employment, and a claim was filed for extended benefits pursuant to the statute. Those benefits were awarded, and Wright then filed claims for extended benefits for the two one year periods that preceded the period for which the benefits were awarded. The office of hearing examiners upheld the denial of these claims for benefits, ruling that the statute did not authorize retrospective award of extended benefits. A collateral debate occurs between the parties with respect to the application of limitations periods found in the Wyoming Workers' Compensation Act. We hold that the rule of liberal construction must be applied in favor of the injured workman when the statute is silent, and the hearing examiner erred in ruling that the claims must be denied because awards for retrospective benefits were not authorized under the statute. We also hold that no applicable statute of limitations forecloses the award of the extended benefits sought by Wright. The proceeding is reversed and remanded for the entry of an appropriate order in accordance with this decision.

In his Appellant's Brief, Wright states the issue in this manner:

Did the hearing office err as a matter of law in denying Appellant's claims for permanent partial disability extended benefits on the grounds that the statute providing for such benefits does not provide for retroactive application?

In the Brief of the Appellee, the Wyoming Workers' Safety and Compensation Division (Division) states the issue in a way that suggests the issue of a limitation on filing as well as retrospective application:

Whether the Office of Administrative Hearings erred in denying Claimant's application for extended permanent disability benefits submitted over one year after Claimant's disability became apparent.

Wright was injured in a work related accident while employed by Sweetwater Television Company in November of 1973. Wright's injuries were so serious and extensive that his physician informed him he never would be able to walk again. He received medical and disability benefits from the Workers' Compensation Fund until April of 1977 when he was awarded permanent total disability benefits. Over the years, Wright participated in extensive physical therapy programs and pursued rehabilitation programs, including education in cable television technology. He succeeded in regaining the use of his lower extremities, and he re-entered the work force in the cable television industry in 1985. He continued to receive periodic payments of his award of permanent total disability benefits, with the last installment being paid on February 26, 1986.

In September of 1991, Wright again was required to leave the work force because of increased pain and discomfort in his right hip, lower back, and lower extremities. The pain and discomfort prevented him from performing his regular work activities. Two years later, in September of 1993, he filed a claim for permanent total disability extended benefits pursuant to Wyo. Stat. § 27–14–403(g) (1991). On September 13, 1994, the Office of Administrative Hearings entered Findings of Facts, Conclusions of Law, and Order pursuant to which Wright was awarded extended permanent disability benefits for the period beginning September 1, 1993 until the date of the order. In that order the Office of Administrative Hearings found that Wright had suffered a second compensable injury arising out of the initial job related injury of 1973. The date of the second compensable injury was determined to be September of 1991 when Wright was unable to continue in the work force because of the disabling pain that gradually had grown worse.

After the entry of the order awarding the extended permanent disability benefits, Wright submitted two claims for permanent total disability extended benefits; one for the period of September 1, 1991 through August

31, 1992, and another for September 1, 1992 through August 31, 1993. These claims were disallowed, and, following a contested case hearing, the Office of Administrative Hearings entered an Order Denying Benefits. The rationale for that decision was that the Wyoming Workers' Compensation Act does not authorize the payment of extended benefits retroactively.

■ The interpretation and correct application of the provisions of the Wyoming Workers' Compensation Act is a question of law over which our review authority is plenary. *Tenorio v. State ex rel. Wyoming Workers' Compensation Div.,* 931 P.2d 234, 237 (Wyo.1997); *Claim of Nielsen,* 806 P.2d 297, 299 (Wyo.1991). Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. *Matter of Corman,* 909 P.2d 966, 970 (Wyo.1996); *Aanenson v. State ex rel. Wyoming Worker's Compensation Div.,* 842 P.2d 1077, 1079 (Wyo.1992). We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law. *Matter of Gneiting,* 897 P.2d 1306, 1308 (Wyo.1995); *City of Casper v. Haines,* 886 P.2d 585, 587 (Wyo.1994).

■ Wright was awarded extended permanent disability benefits for the period of September 1, 1993 through the date of the first order pursuant to Wyo. Stat. § 27–14–403(g) (1991) which provides:

(g) Following payment in full of any award, or if a lump sum settlement was made under subsection (f) of this section when the award would have been fully paid but for the lump sum settlement, to an employee for permanent total disability or to a surviving spouse for death of an employee, an additional award may be granted:

(i) In the case of an employee subject to the following requirements and limitations which shall be met:

(A) A claim for compensation is filed by the employee or someone on his behalf and a hearing is held following notice to the employer and division;

(B) The employee establishes a reasonable effort on his behalf has been made to return to part time or full time employment including retraining and educational programs;

(C) The hearing examiner in determining entitlement under this paragraph shall consider income of the employee from all sources including active or passive income, household income and any monthly amount from any other governmental agency;

(D) The maximum monthly amount of additional compensation shall not exceed the amount provided in subsection (c) of this section;

(E) The hearing examiner may attach reasonable conditions to application for or receipt of awards under this subsection including retraining or educational programs and the award may be adjusted in accordance with fulfillment of the conditions;

(F) The hearing examiner may decrease an award to qualify an employee eligible for maximum benefits under any other state or federal pension plan;

(G) Any award granted under this subsection shall not exceed twelve (12) months but may be renewed following additional hearings unless the hearing examiner, the director and the employer mutually determine a hearing is not necessary.

* * *

This statutory provision is silent with respect to the question of retrospective award of extended benefits for permanent total disability.

■ Our historic rule is that the construction of an ambiguous statute which is part of the Wyoming Workers' Compensation Act should be accomplished to afford coverage wherever that end may be achieved without unreasonably extending the clear language of the statute. *Archuleta v. Carbon County School Dist. No. 1,* 787 P.2d 91, 92 (Wyo. 1990); *Deloges v. State ex rel. Wyoming Worker's Compensation Div.,* 750 P.2d 1329, 1331 (Wyo.1988); *Parnell v. State ex rel. Wyoming Worker's Compensation Div.,* 735

P.2d 1367, 1368 (Wyo.1987); *Fuhs v. Swenson*, 58 Wyo. 293, 131 P.2d 333, 338 (Wyo. 1942). The act should be applied in favor of the workman to the end that industry, not an individual, bears the burden of an accident and injury that has occurred within the industrial setting. *Seckman v. Wyo–Ben, Inc.*, 783 P.2d 161, 165 (Wyo.1989); *Lehman v. State ex rel. Wyoming Workers' Compensation Div.*, 752 P.2d 422 (Wyo.1988); *Conn v. Ed Wederski Const. Co.*, 668 P.2d 649 (Wyo.1983). The justification for this rule of construction is that the statute provides an industrial insurance act for the benefit of employees pursuant to which industrial accidents become a cost of production and are to be borne by the industry. *Baker v. Wendy's of Montana, Inc.*, 687 P.2d 885, 888 (Wyo. 1984); *Zancanelli v. Central Coal & Coke Co.*, 25 Wyo. 511, 173 P. 981, 989 (Wyo.1918). This rule has been described as a rule of liberal construction.[1]

We have recognized that the award of disability benefits under the Wyoming Workers' Compensation Act may be retrospective. *Higgins v. State ex rel. Wyoming Worker's Compensation Div.*, 739 P.2d 129, 133 (Wyo. 1987). We acknowledged in *Higgins* that when a hearing is held after the termination of his benefits, full retroactive relief should be available in order to satisfy procedural due process. We so ruled even though the statute at issue in *Higgins* was silent as to whether the award of benefits could have a retroactive application. Applying *Higgins* by analogy to this case, we hold that the rule of liberal construction of the statute in favor of the claimant results in the availability of a retrospective award of extended benefits for permanent total disability in the face of silence in the statute. We recently applied *Higgins* in the context of temporary total

disability benefits, assuming that they could be awarded retroactively. *State ex rel. Wyoming Workers' Compensation Division v. Gerdes*, 951 P.2d 1170, 1174 (Wyo.1997).

■ The Division contends that regardless of how we rule with respect to the retrospective application of extended benefits for permanent total disability, the claims for the two years at issue are barred pursuant to the first sentence of WYO. STAT. § 27–14–503(a) (1991), which provides:

> (a) A payment for benefits involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time shall not be made unless in addition to the proper and timely filing of the reports of the accident, an application or claim for benefits is filed within one (1) year after the date the accident occurred or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee. * * *

In response to the Division's contention, Wright relies upon the four year statute of limitations found in WYO. STAT. § 27–14–605(a) (1991) (emphasis added), which provides:

> (a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for **additional** medical and disability benefits or for a **modification** of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.

---

1. In 1994, an amendment to the Wyoming Workers' Compensation Act was adopted by the legislature with the apparent purpose of rejecting the rule of liberal construction. The statute now provides in pertinent part:
   (b) * * * It is the specific intent of the legislature that benefit claims cases be decided on their merits and that the common law rule of "liberal construction" based on the supposed "remedial" basis of workers' benefits legislation shall not apply in these cases. * * *
   WYO. STAT. § 27–14–101(b) (1997). That statutory provision is not applicable in this instance

because a claim for benefits pursuant to the Wyoming Worker's Compensation Act is controlled by the laws in effect at the time of the injury. *Rodgers v. State ex rel. Wyoming Workers' Compensation Div.*, 939 P.2d 246 (Wyo.1997); *Tenorio v. State ex rel. Wyoming Workers' Compensation Div.*, 931 P.2d 234, 237 (Wyo.1997); *Matter of Shapiro*, 703 P.2d 1079, 1081–82 (Wyo. 1985). Whether the injury for which Wright has sought extended benefits is perceived to have occurred in 1973 or 1991, the earlier rule of construction must be applied.

The applicability of a statute of limitations is a question of law that must be decided by the court. *Hollingshead v. Hollingshead*, 942 P.2d 1104 (Wyo.1997); *Claim of Nielsen*, 806 P.2d at 299. No deference is to be accorded to the agency decision with respect to a statute of limitations. *Pete Lien & Sons, Inc. v. Ellsworth Peck Const. Co.*, 896 P.2d 761, 762 (Wyo.1995); *Harbel v. Wintermute*, 883 P.2d 359, 362 (Wyo.1994). We invoke our traditional rules of statutory interpretation. The legislative intent, manifested in the plain language of the statutes, is the controlling consideration. *Casper Oil Co. v. Evenson*, 888 P.2d 221, 225 (Wyo.1995); *Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n*, 845 P.2d 1040, 1042 (Wyo.1993).

We have had occasion to parse the language of Wyo. Stat. § 27–14–605(a), and we have said:

> The plain language of § 27–14–605(a) grants any party—employee, employer, or the Workers' Compensation Division—a four year window in which to petition to reopen a case for: (1) additional medical and disability benefits; or (2) modification of the amount of benefits because (a) of an increase or decrease of incapacity due solely to the injury, or (b) a mistake or fraud has occurred.

*State ex rel. Wyoming Workers' Compensation Div., v. Jerding*, 868 P.2d 244, 249 (Wyo. 1994). It is clear that the award of extended benefits for permanent total disability to Wright for his 1973 injury must fall within the first classification found in *Jerding*. The Office of Administrative Hearings had authority to award benefits to Wright in the form of extended benefits for permanent partial disability pursuant to Wyo. Stat. § 27–14–403(g).

The Division relies in part upon the finding of fact entered by the Office of Administrative Hearings in the September 13, 1994 Findings of Fact and Conclusions of Law, and Order in which a finding was made that Wright had suffered a second compensable injury in September of 1991. The 1994 order is not attacked in this appeal. In the absence of a petition for review, the validity of that order, however erroneous it might be,

has been conceded by the parties, and the ruling on that aspect must stand. *Hermreck v. United Parcel Service, Inc.*, 938 P.2d 863, 865 (Wyo.1997); *Epple v. Clark*, 804 P.2d 678, 681 (Wyo.1991). The Division contends that because of that decision, the one year statute of limitations found in Wyo. Stat. § 27–14–503(a) would control over the four year statute of limitations found in Wyo. Stat. § 27–14–605(a), and that the record is clear that Wright filed no claim within one year of discovery of the "second compensable injury."

The Division's position is refuted in more than one way. It must be recognized that if this position is sound then there should have been no award for the period from September 1, 1993 to the date of the first order because, of course, Wright did not file a claim within one year of September 1, 1991. The Division apparently did not perceive the one year statute of limitations as a barrier to that award and may have waived this defense. Secondly, a review of the provisions relating to extended benefits for permanent partial disability demonstrates that the statute does not require a second injury as a condition for awarding extended benefits. Consequently, the finding in the first order is superfluous with respect to the award of extended benefits for permanent partial disability. Finally, it is apparent, from the plain language of Wyo. Stat. § 27–14–605(a), that Wright is granted four years to petition to reopen a case for additional disability benefits. That period must be the four year period beginning with the September 1994 order, and Wright's claims for the retrospective awards of benefits were timely.

We hold that applying the provision of Wyo. Stat. § 27–14–403(g) (1991) in the light of Wyo. Stat. § 27–14–605(a) (1991), as interpreted in *Jerding*, Wright filed a valid claim for additional disability benefits within the applicable four year period. The statute of limitations rule asserted by the Division is of no avail to it in defending the decision of the Office of Administrative Hearings. The Office of Administrative Hearings erred as a matter of law in ruling that extended benefits for permanent total disability could not be awarded retrospectively. Wright's claims for

the benefits for the periods beginning September 1, 1991 through August 31, 1992 and September 1, 1992 through August 31, 1993 should be granted pursuant to the statute.

The Order Denying Benefits is reversed, and this case is remanded to the Office of Administrative Hearings for any further proceedings deemed necessary prior to the entry of an order conforming to this opinion.