11 P.3d 344 (2000)
In the Matter of the Worker's Compensation CLAIM OF Harry PRASAD:
General Chemical Corporation, Appellant (Employer/Objector),
v.
Harry Prasad, Appellee(Employee/Claimant).
No. 99-189.
Supreme Court of Wyoming.
August 23, 2000.
*345 Representing Appellant: Steven K. Sharpe and Julie M. Yates of Anthony, Nicholas & Sharpe, LLC, Cheyenne, Wyoming. Argument by Mr. Sharpe.
Representing Appellee: Michael D. Newman of Honaker, Hampton & Newman, LC, Rock Springs, Wyoming.
Before LEHMAN, C.J., and THOMAS, MACY,[*] GOLDEN, and HILL, JJ.
GOLDEN, Justice.
This appeal presents the issue whether the 1991 workers' compensation statutes prohibit awarding extended benefits to a permanently disabled employee with income greater than the permissible extended benefits award. Following a hearing, Appellee Harry Prasad was awarded extended benefits in the amount of $1,077.00 per month to supplement his social security disability and pension income of $1,700.56 per month. His former employer, Appellant General Chemical Corporation, appealed, and the district court certified the case to this Court pursuant to W.R.A.P. 12.09.
We affirm the hearing examiner's order.

ISSUES
General Chemical presents this statement of the issues for our review:
A. Was the hearing examiner's award of extended benefits to the Appellee, giving Appellee a yearly income of $33,330.72, arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law?
B. Did the hearing examiner err in awarding "extended benefits" (which this Court has stated are intended as a subsistence-level benefit) so that Appellee could maintain his lifestyle of having maid service; paying $311.00 per month for a new car; paying $987.00 a month for a $126,000.00 house; paying $600.00 a month for food (for one person); and incurring substantial credit card debt?
C. Did the hearing examiner err by awarding extended benefits to Appellee when the Appellee clearly had income from other sources that was well in excess of any governmentally established "subsistence level" for a single person with no dependents?
Prasad presents these issues for review:
A. Does the employer have standing to pursue an appeal of the Office of Administrative Hearings award of permanent total disability extended benefits?
B. Was the Office of Administrative Hearings order awarding permanent total disability extended benefits to the Claimant arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law?

FACTS
Prasad worked as an underground miner for General Chemical from 1975 until October 3, 1989, when he suffered a work-related closed head injury. He was awarded permanent total disability benefits on November 2, 1992, that paid out in September of 1997. Prasad applied for and received permanent total disability extended benefits from September 1997 through September 1998 after contested case proceedings. He reapplied for extended benefits on September 16, 1998, and on September 24, 1998, the Division issued a final determination denying his application for the reason that his earned income from social security disability and a retirement pension exceeded the maximum extended benefit amount of $1,118.06.
*346 Prasad objected, and a hearing was held by the Office of Administrative Hearings on January 15, 1999. The hearing examiner found that Prasad was sixty-five years old, still suffering the effects of his closed head injury, and he remained disabled and his earning capacity totally impaired. The hearing examiner found that Prasad had been borrowing money from credit cards to meet his living expenses since his extended permanent total disability benefits were paid out. The living expenses were found not to be lavish or extravagant and Prasad's other income was insufficient to meet subsistence expenses that included reliable transportation, maintaining a home, clothing, and basic expenses.
Prasad was awarded extended benefits in the amount of $1,077.00 per month for twelve months. General Chemical appeals.

DISCUSSION

Standard of Review
Judicial review of agency action is governed by Wyo. Stat. Ann. § 16-3-114(c) (LEXIS 1999):
To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
* * *
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
* * *
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

A. Standing
Prasad contends that General Chemical lacks standing to appeal from the extended benefits award. He maintains that General Chemical is not aggrieved or adversely affected by the decision. Although we suspect Prasad is correct in this assertion, this Court has chosen to address the underlying issues of the case because they involve questions of statewide importance, and we recognize the need for guidance on these important workers' compensation matters. Management Council of Wyoming Legislature v. Geringer, 953 P.2d 839, 842 (Wyo.1998). In making this decision, we decline to conduct a standing analysis.

B. Extended Benefits
Claims for extended benefits under the Act are controlled by the laws in effect at the time the claimant was determined to be totally disabled. Ottema v. State ex Rel. Wyoming Worker's Safety and Compensation Div., 968 P.2d 41, 44-45 (Wyo.1998). General Chemical argues that this Court has interpreted the statute as setting "a subsistence level" of income only as the legal standard for awarding extended benefits in Ottema and Duncan v. Laramie County Community College, 768 P.2d 593, 595 (Wyo.1989). It further contends that government figures should establish the subsistence level for a single person with no dependents and, in 1998, that level was $8,050.00 per year. Prasad contends that this standard does not exist and the hearing examiner correctly applied the statute.
The interpretation and correct application of the provisions of the Wyoming Workers' Compensation Act is a question of law over which our review authority is plenary. Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law.
Wright v. State ex rel. Wyoming Workers' Safety and Compensation Division, 952 P.2d 209, 211 (Wyo.1998) (citations omitted).
*347 Prasad was determined to be totally disabled in 1992. The applicable statute providing for extended benefits awards is Wyo. Stat. Ann. § 27-14-403 (Michie 1991). The applicable provisions state:
(g) Following payment in full of any award... to an employee for permanent total disability . . ., an additional award may be granted:
(i) In the case of an employee subject to the following requirements and limitations which shall be met;
* * *
(C) The hearing examiner in determining entitlement under this paragraph shall consider income of the employee from all sources including active or passive income, household income and any monthly amount from any other governmental agency;
(D) The maximum monthly amount of additional compensation shall not exceed the amount provided in subsection (c) of this section[.]
Wyo. Stat. Ann. § 27-14-403(g)(i) (Michie 1991). Wyo. Stat. Ann. § 27-14-403(c) (Michie 1991) referred to in subparagraph (D) states:
(c) All awards stated in subsection (a) of this section except awards under subsections (b), (e)(ii), (iv) and (v) and (h)(ii) of this section shall be paid monthly at the rates prescribed by this subsection. For permanent partial and permanent total disability or death under paragraphs (a)(ii) through (iv) of this section, the award shall be paid monthly at the rate of two-thirds (2/3) of the statewide average monthly wage for the twelve (12) month period immediately preceding the quarterly period in which the injury occurred as determined pursuant to W.S. XX-XX-XXX.
The Division denied benefits to Prasad because it determined that Prasad's "earned income of $1,729.16 ... is more than the extended benefit amount of $1,118.06." Plainly, the Division computed the amount of Prasad's income as specified in Wyo. Stat. Ann. § 27-14-403(g)(i)(C), compared it to the potential amount of extended benefits available under § 403(c) and, under its interpretation of § 403(g), denied benefits because his other income exceeded the maximum amount of the potential extended benefit award. A plain reading of the statute does not support such an interpretation. Our well-established rules of statutory interpretation were recently summarized to be:
We decide initially whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute. In effectuating the plain language of the statute, we begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in pari materia. If, on the other hand, we determine that the statute is ambiguous, we resort to general principles of statutory construction to determine the legislature's intent.
Wyo. Dept. of Transportation v. Haglund, 982 P.2d 699, 701 (Wyo.1999) (citations and quotations omitted).
The statute at issue here is subject to only one interpretation and is not ambiguous. The statutory language unambiguously directs that additional benefits may be granted to an employee subject to "requirements and limitations." Wyo. Stat. Ann. § 27-14-403(g)(i) (Michie 1991). The employee requesting benefits is required to provide income amounts from the types of income specified in subparagraph (C) for consideration. Wyo. Stat. Ann. § 27-14-403(g)(i)(C) (Michie 1991). Subparagraph (D) limits the maximum amount of an extended benefits award to no more than the award amount specified in Wyo. Stat. Ann. § 27-14-403(c). The statute plainly states that an employee may receive an extended benefits award up to the maximum amount permitted under section (c) in addition to all of the income received as specified in subparagraph (C).
Subparagraph (C)'s requirement to consider other income indicates that the maximum permissible amount of an extended benefits award is not always available to a claimant. Since 1985, we have accepted that *348 awarding extended permanent total benefits is proper when the initial award has been exhausted and the injured employee's earning capacity and expenses justify the award. Shapiro v. State ex rel. Wyo. Worker's Comp. Div., 703 P.2d 1079, 1080 (Wyo.1985). Although the legislature has modified the statute on several occasions, this interpretation was not corrected and, under the doctrine of imputed knowledge,[1] we are obligated to read the statute in harmony with existing law. Our decision in Duncan supports Shapiro's interpretation, stating "[w]e hold that the clear intent of the statute is to grant to the district court a discretionary ability to order additional compensation where the facts and circumstances so warrant." Duncan, 768 P.2d at 594. Duncan's language that "[b]enefits are not intended as an income maintenance mechanism, but rather to provide an injured worker with payments in the nature of subsistence" relies upon authority provided in the dissenting opinion to Shapiro, a dissent that complained the majority opinion did not award sufficient support in the form of additional benefits. Duncan, 768 P.2d at 595; Shapiro, 703 P.2d at 1083 (Thomas, C.J., dissenting).
Plainly, Duncan requires that the Division or hearing examiner consider many factors and exercise discretion in making an award of extended benefits. Duncan, 768 P.2d at 595. General Chemical's assertion that Ottema and Duncan's subsistence level language must be interpreted to require awards be limited to government established poverty levels is incorrect. Ottema's reference to "subsistence" is dicta in its statement of facts and has no bearing on the issue before us. Bales v. Brome, 53 Wyo. 370, 380, 84 P.2d 714, 717 (Wyo.1938) ("The authority of a former decision as a precedent must be limited to the points actually decided on the facts before the court.").
Our previous decisions in Duncan and Ottema do not lead to the conclusion that the purpose of a permanent total disability award and extended benefits is to provide a subsistence level of income. The hearing examiner in this case decided that Duncan's interpretation of the statute required that, given Prasad's permanent total disability, it was to analyze all appropriate factors and exercise discretion to award a reasonable amount of extended benefits subject to the requirements and limitations of Subparagraphs (C) and (D). The hearing examiner's view of Duncan is correct. Based upon the plain reading of the statute afforded by our previous decisions, the hearing examiner properly examined Prasad's earning impairment level, his expenses, his other sources of income as specified in the statute, and then reasonably exercised its discretion in reaching its decision to award additional benefits for the purpose of support.
The decision is affirmed.
MACY, J., dissents without written opinion.
NOTES
[*] Retired June 2, 2000.
[1] "Knowledge of the settled principles of statutory interpretation must be imputed to the legislature." Parker Land and Cattle Co. v. Wyo. Game and Fish Comm'n, 845 P.2d 1040, 1044 (Wyo.1993) (quoting In re Dragoni, 53 Wyo. 143, 153, 79 P.2d 465, 467 (1938) (overruled on other grounds)). This Court presumes that the legislature enacts statutes "with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law, and as part of a general and uniform system of jurisprudence * * *." Civic Ass'n of Wyoming v. Railway Motor Fuels, 57 Wyo. 213, 238, 116 P.2d 236, 245 (1941); accord, L.U. Sheep Co. v. Bd. of County Comm'rs, 790 P.2d 663 (Wyo.1990).